**Ex Parte James Earl SADBERRY.**

No. 71761.

Court of Criminal Appeals of Texas, En Banc.

Nov. 3, 1993.

James Earl Sadberry, attorney pro se.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

MALONEY, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to TEX. CODE CRIM.PROC.ANN. art. 11.07. Applicant plead guilty to the offense of delivery of cocaine. Punishment was assessed at thirty years imprisonment. No appeal was taken from this conviction.

Applicant contends that his conviction is invalid because he never executed a written waiver of jury as required by TEX.CODE CRIM. PROC.ANN. art. 1.13.[1] A copy of the jury waiver attached to applicant's writ shows that the original was not signed by applicant. The judgment recites that all parties were present and it appeared to the court that "the defendant, defendant's counsel, and the State's Attorney have agreed in writing in open court to waive a jury in the trial of this cause...." We ordered the trial court to make findings of fact and conclusions of law on this issue. At the evidentiary hearing before the trial court, the State pointed to the following exchange which took place at applicant's plea of guilty:

[Trial judge]. Do you also understand that you have the right to have a trial by jury in this case both as to your guilt or innocence and as to the punishment to be assessed, if any?

[Applicant]. Yes, sir.

Q. And you waive that right?

A. Yes, sir.

The trial court entered a finding of fact that applicant "knowingly waived his right to a jury but failed to sign a written waiver." Applicant did not raise the issue of his failure to sign a jury waiver until this writ application. This application presents the issue of whether we will grant post-conviction habeas corpus relief for an applicant's failure to sign a jury waiver.

In *Ex parte Collier*, 614 S.W.2d 429, 434 (Tex.Crim.App.1981), we addressed whether relief was available by post-conviction writ of habeas corpus on the grounds that the State's attorney, though consenting to the jury waiver, had failed to sign the written form as required by article 1.13.[2] We held that

in the absence of a showing of harm a valid conviction may not be set aside by habeas corpus or collateral attack merely because the State failed to sign the jury waiver of a defendant as required by Article 1.13, V.A.C.C.P., where the evidence does show that the State did in fact agree to such waiver.

*Id.* This conclusion is consistent with the underlying purpose to be served by the availability of post-conviction writ of habeas corpus. Use of the writ has traditionally been restricted to instances where the trial court's judgment is void, and cannot be invoked for mere irregularities in the proceedings below. *See, e.g., Ex parte Banks,* 769 S.W.2d 539, 540 (Tex.Crim.App.1989) (habeas corpus available only to review jurisdictional defects or denials of fundamental or constitutional rights); *Ex parte Watson,* 601 S.W.2d 350, 352 (Tex.Crim.App.1980) (habeas corpus review only available for questions of jurisdictional defect or denials of fundamental or

1. Article 1.13 provides that a criminal defendant may waive the right of trial by jury:

   ... conditioned, however, that such waiver must be made in person by the defendant in writing....

   TEX.CODE CRIM.PROC.ANN. art. 1.13(a).

2. We note that in our recent decision in *Meek v. State,* 851 S.W.2d 868 (Tex.Crim.App.1993), a direct appeal where we held a harmless error analysis was inapplicable to the failure of the defendant to sign the written jury waiver form,

we pointed out that there might be circumstances where a harmless error analysis would be appropriate for assessing a violation of article 1.13 on direct appeal, citing *Collier,* supra. Although *Collier* was a post-conviction writ case, we cited it because it involved a situation where the *State,* as opposed to the defendant, failed to sign a jury waiver form, suggesting that such a situation might be subject to a harmless error analysis on direct appeal.

constitutional rights); *Ex parte Shields*, 550 S.W.2d 670, 675 (Tex.Crim.App.1977) (opinion on reh'g) (habeas corpus review only for jurisdictional defects or denials of fundamental or constitutional rights); *Ex parte McKay*, 199 S.W. 637, 639, 642 (Tex.Crim.App.1917) (habeas corpus is not a method of appeal and cannot be invoked for mere irregularities); *Ex parte Adlof*, 215 S.W. 222, 226 (Tex.Crim.App.1919) (opinion on reh'g) (habeas corpus only available to attack void judgments). We have previously explained the limited purpose to be served by a post-conviction writ of habeas corpus:

> Habeas corpus lies only to review jurisdictional defects or denials of fundamental or constitutional rights.

> \* \* \* \* \* \*

> When a defect in the conduct of a proceeding is challenged, a collateral attack by habeas corpus may be invoked only where the error renders the proceedings absolutely void. [citations omitted] Defects in a proceeding designated as irregularities, consisting of the want of adherence to some prescribed rule or mode of proceeding, either in omitting to do something that is necessary for the orderly conduct of a suit or doing it at an unreasonable time or in an improper manner do not render the proceeding void. [citations omitted]

*Shields*, 550 S.W.2d at 675. This case does not involve a question of constitutional dimension; it involves an irregularity in the proceedings in the trial court. Neither the federal nor the state constitution require that a trial by jury be waived in writing. Rather, the legislature has chosen to observe careful regulation of that constitutional right by specifying how that right may be waived. *See Meek v. State*, 851 S.W.2d 868, 870 (Tex.

Crim.App.1993). Applicant does not contend that he was denied his constitutional right to a trial by jury or that he did not agree to waive that right; rather, he claims his conviction should be set aside because his signature does not appear on the statutorily prescribed jury waiver form. While we do not sanction noncompliance with procedural rules designed to safeguard constitutional rights, the writ was not intended to provide for relief for such noncompliance where the record is otherwise clear on the rights to which the procedural formalities pertain. Accordingly, we hold that where the applicant does not claim he desired and was deprived of his constitutional right to a trial by jury, that he did not intend to waive a jury trial or that he was otherwise harmed, and the record reflects that the applicant agreed to the waiver, we will not set aside a conviction by habeas corpus or collateral attack due to the applicant's failure to sign a written jury form pursuant to article 1.13.[3] By so holding, we overrule *Ex parte Felton*, 590 S.W.2d 471 (Tex.Crim.App.1979), to the extent that it holds relief is available by post-conviction writ of habeas corpus for the failure of a defendant to sign the written jury waiver form where the record reflects that the defendant agreed to the waiver and does not claim he desired and was deprived of a trial by jury, or that he was otherwise harmed.[4]

CLINTON, Judge, dissenting.

The majority holds applicant's claim that his conviction should be overturned because his waiver of jury trial was not in writing, as required by Articles 1.13 and 1.15, V.A.C.C.P., is not cognizable in an application for writ of habeas corpus brought pursuant to Article 11.07, V.A.C.C.P. It is not cognizable, the majority holds, because neither the United States Constitution nor the Constitu-

---

3. Our holding in this opinion is consistent with our holding in *Marin v. State*, 851 S.W.2d 275, 280 (Tex.Crim.App.1993), where we recognized that the "failure of the judge to implement ["waiveable only" rights] at trial is an error which might be urged on appeal whether or not it was urged in the trial court." We are not in this opinion suggesting that a defendant need object at trial in order to later complain that the trial court "failed to implement" his right to a trial by jury, where he desired but was denied that right. Here, applicant does not claim that he desired but was denied his right to a trial by

jury, but merely that he did not sign the statutorily-prescribed form.

4. We note that while the issue of jury waiver may be raised for the first time on direct appeal, *Meek v. State*, 851 S.W.2d 868 (Tex.Crim.App.1993); *Boyd v. State*, 660 S.W.2d 820 (Tex.Crim.App.1983), there must be evidence in the record sufficient to overcome the judgment's presumption of regularity, *Breazeale v. State*, 683 S.W.2d 446 (Tex.Crim.App.1984) (opinion on reh'g).

tion of the State of Texas requires that the waiver of a jury trial be committed to writing, and therefore the defect that applicant complains of constitutes a mere "irregularity in the proceedings in the trial court." Op. at 543. In order so to hold the majority must overrule our decision in *Ex parte Felton*, 590 S.W.2d 471 (Tex.Cr.App.1979). I am sympathetic to the impulse to limit cognizability of claims on post-conviction collateral attack. I disagree that the present claim is not cognizable, however, either under *Ex parte Banks*, 769 S.W.2d 539 (Tex.Cr.App.1989), or my own ever-evolving conception of the proper scope of post-conviction habeas cognizability. I therefore dissent.

### I.

In *Ex parte Banks*, supra, at 540, we reiterated the "traditional" view of cognizability, *viz*: that "habeas corpus is available only to review jurisdictional defects ... or denials of fundamental or constitutional rights." It seems to me that what the Court identified in *Ex parte Felton*, supra, was, if not a jurisdictional defect, at least an error of fundamental, albeit not constitutional, dimension. The applicant in *Felton* claimed that the absence of his signature on the jury waiver form rendered his conviction "void." *Id.*, at 471. While not expressly agreeing that this was so, the Court nevertheless invoked the clear language of both Articles 1.13 and 1.15, supra, mandating, respectively, that a jury waiver "must be made in person by the defendant in writing[,]" and that "[n]o person can be convicted of a felony" without such a waiver "in writing[,]" to hold that Felton was entitled to the relief he sought. The judgment was set aside. Cf. *Boyd v. State*, 660 S.W.2d 820 (Tex.Cr.App.1983) (collateral attack upon prior conviction used for enhancement allowed on the basis that no written jury waiver was obtained); *Lopez v. State*, 708 S.W.2d 446 (Tex.Cr.App.1986) (claim that conviction was unsupported by written jury waiver entertained, albeit rejected, even

though raised for the first time in petition for discretionary review). Unless it is to hold that *Felton* was mistaken thus to identify failure of the State to secure a jury waiver in writing as error of a fundamental nature,[*] the majority cannot even overrule it *consistently* with *Ex parte Banks*, much less *on authority* of *Banks*. The majority errs even under the regime of cognizability of claims on post-conviction collateral attack presently in place.

### II.

Over the past several years in a number of separate opinions I have advocated a somewhat different view of post-conviction habeas cognizability. As it has evolved, probably the most prominent feature of this view of cognizability is an insistence that the State's legitimate interest in the finality of convictions ought to be the linchpin of cognizability analysis. Because I believe Articles 1.13 and 1.15 represent a legislative declaration that the State has no legitimate interest in the finality of a judgment of conviction obtained without a jury if there was no written jury waiver, I would hold applicant's claim here cognizable.

Prior to the "advent of the Substantial Federal Question" in post-conviction habeas corpus, this Court limited its review to the question whether a claimed defect was such as to render the underlying conviction void, rather than merely voidable. *Ex parte Crispen*, 777 S.W.2d 103, 106 (Tex.Cr.App.1989); *Ex parte Banks*, supra, at 545–47 (Clinton, J., dissenting). Indulging the fiction that any error of federal constitutional dimension was sufficient to render a conviction "void," in recent decades this Court has entertained countless applications for writ of habeas corpus raising any manner of such claim. *Ex parte Crispen*, supra. This is true even though we have held that error arising under our own state constitution must be such as to render a conviction void to be cognizable under Article 11.07, supra, and that any er-

---

[*] In fairness it must be conceded that there is some suggestion in the caselaw that a claim that a conviction is invalid because not supported by written waiver of jury trial pursuant to Articles 1.13 and 1.15, supra, is subject to procedural default. See, e.g., *Gardner v. State*, 730 S.W.2d

675, 701 (Tex.Cr.App.1987); *Breazeale v. State*, 683 S.W.2d 446, at 453 (Tex.Cr.App.1985) (Clinton, J., concurring). These suggestions are inconsistent with the conclusion that the requirement that the waiver be in writing is fundamental.

ror of state constitutional dimension that is subject to a harmless error review is merely voidable. *Ex parte Truong*, 770 S.W.2d 810 (Tex.Cr.App.1989); *Ex parte McKay*, 819 S.W.2d 478 (Tex.Cr.App.1990). We have even reached the arguably absurd point of requiring applicants who raise a claim of federal constitutional dimension that is nevertheless subject to a harm analysis to plead and prove facts sufficient not only to establish the error, but also the harm. *Ex parte Dutchover*, 779 S.W.2d 76 (Tex.Cr.App.1989).

To stem the tide, in recent years I have suggested that we limit cognizability of federal constitutional claims to those that are "exceptional;" that is to say, those implicating rights or requirements of such a "character or magnitude that we are obliged to say that our interest in rectifying [them] overcomes [the State's] otherwise compelling finality interests." *Ex parte Goodman*, 816 S.W.2d 383, 388 (Tex.Cr.App.1991) (Clinton, J., concurring). By and large a federal constitutional claim is of this character if the right or requirement it implicates is so fundamental to the fair operation of the system as to be 1) immune from procedural default, 2) not subject to a harm analysis, and 3) fully retroactive in application. *Id.* I would also adopt a doctrine of excuses, entertaining any federal constitutional claim recognized as of the time of trial but for which a record could not have been made, despite due diligence of the accused, in time to preserve the error for direct appeal. *Ex parte Dutchover*, supra, at 79 (Clinton, J., concurring); *Ex parte Goodman*, supra, at 387–88.

It is not just constitutional claims, however, that may be of sufficient import as to defeat otherwise legitimate finality interests. In *Marin v. State*, 851 S.W.2d 275 (Tex.Cr. App.1993), we recognized that "the system ... includes a number of requirements and prohibitions which are essentially independent of the litigants' wishes." *Id.*, at 279. Such "absolute" or "systemic" requirements may be creatures of statute alone, but they are nevertheless subject to neither forfeiture nor even express waiver, and at least in some cases they cannot be subjected to harmless error review. *Id.*, at 280, 279 & 281–82, respectively. It is evident to me from the plain language of Articles 1.13 and 1.15, see *Boykin v. State*, 818 S.W.2d 782 (Tex.Cr.App. 1991), that the Legislature meant to enact a fundamental systemic requirement that any waiver of jury be executed in writing before a judgment of conviction may be predicated thereon, whether or not the accused asked for it—indeed, even if he expressly eschewed it. Moreover, we have already held, on authority of *Marin*, supra, that this requirement is not subject to a harm analysis under Tex.R.App.Pro., Rule 81(b)(2). See *Meek v. State*, 851 S.W.2d 868, at 870–71 (Tex.Cr. App.1993). Whether or not we necessarily hold that failure to satisfy this requirement renders the conviction "void," as we implied in *Felton*, it seems to me we ought to hold it sufficient to defeat the State's interest in repose of its convictions.

It is true we have held that claims that other requirements of Articles 1.13 and 1.15, supra, have been violated are not cognizable in post-conviction collateral attack, at least absent a showing of harm. E.g., *Ex parte Collier*, 614 S.W.2d 429 (Tex.Cr.App.1981) (requirement that "consent and approval of the attorney representing the State" to the defendant's waiver of jury trial be "in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea."); *Ex parte Aaron*, 691 S.W.2d 680 (Tex.Cr.App.1985) (requirement that trial court give written approval to defendant's waiver of confrontation rights and consent to stipulate evidence). Indeed, we have apparently held that the absence of the prosecutor's written consent is not even a defect which the accused can claim on direct appeal. *Shaffer v. State*, 769 S.W.2d 943 (Tex.Cr.App. 1989), aff'd on rehearing, 780 S.W.2d 801. Moreover, the requirement that the accused execute any waiver of his right to a jury trial in writing is neither a state nor federal constitutional prescription.

Nevertheless, as the Court pointed out in *Meek*, supra at 870, the requirement of a written jury waiver, albeit statutory, was intended to preserve the inviolability of the accused's constitutional right to a jury trial, as per the mandate of Article I, §§ 10 and 15 of the Texas Constitution that the Legislature "pass such laws as may be needed to

regulate the same, and to maintain its purity and efficiency." From the time of the Republic, "impelled by experienced abuse and oppression inflicted on them as citizens of earlier governments," our constitutional framers have insisted that this most basic right be scrupulously preserved. *Thornton v. State*, 601 S.W.2d 340, 345 (Tex.Cr.App. 1980) (Opinion on motions for rehearing). It is odd that, having found that application of a harm analysis to the requirement of a written jury waiver would be "perverse and inappropriate," citing *Marin*, supra, at 281, the majority today reaches out to overrule *Felton*, a fourteen year old precedent. For surely the view of Articles 1.13 and 1.15 taken in *Felton* was in all things consistent with the notion in *Marin* that the Legislature intended certain requirements to be followed "independent of the litigants' wishes." *Id.*, at 279. Any requirement so important to the Legislature as thus to transcend the ordinary course of our adversarial system ought to be regarded as subject to vindication by way of post-conviction habeas corpus.

Because the majority does not, I respectfully dissent.