TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00616-CR







Mario Zubia Garcia,


a/k/a Jesus Nieto, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 94-252-K368, HONORABLE BURT CARNES, JUDGE PRESIDING







PER CURIAM


 Appellant pleaded guilty and judicially confessed to driving while intoxicated
(DWI), third offense. Act of May 27, 1983, 68th Leg. R.S., ch. 303, § 3, 1983 Tex. Gen. Laws
1568, 1574 (Tex. Rev. Civ. Stat. Ann. art. 6701l-1(b), (e), since amended and codified at Tex.
Penal Code Ann. §§ 49.04, 49.09). The district court adjudged appellant guilty and, pursuant to
a plea bargain agreement, assessed punishment at incarceration for two years and a $500 fine.

 Three previous misdemeanor DWI convictions were used to enhance the instant
offense to a felony. Two of these convictions were in Williamson County cause numbers 16296
and 16338. By two points of error, appellant contends these previous convictions are void, and
that the district court erred by overruling his pretrial motion challenging the court's jurisdiction
of this prosecution and requesting that the cause be transferred to the county court at law. See
former art. 6701l-1(d). 

 Appellant's argument is based on article 1.13(c) of the Code of Criminal Procedure,
which provides that before a defendant who has no attorney can agree to waive trial by jury, the
court must appoint an attorney to represent him. Tex. Code Crim. Proc. Ann. art. 1.13(c) (West
Supp. 1995). Appellant contends that effective September 1, 1991, article 1.13(c) was made
applicable in misdemeanor prosecutions. See State ex rel. Curry v. Carr, 847 S.W.2d 561, 562
(Tex. Crim. App. 1992) (as amended effective September 1, 1991, article 1.13(a) requires that
jury waiver in misdemeanor prosecution be in writing). The complaints and informations, written
judicial admonishments, and judgments of conviction from cause numbers 16296 and 16338 were
introduced in evidence. These documents reflect that on October 3, 1991, appellant pleaded guilty
in both causes after waiving in writing his rights to counsel and jury trial. There is no indication
that an attorney was appointed to counsel appellant before he executed the jury waivers. 

 The State argues that appellant's reading of article 1.13(c) creates a conflict with
other statutes governing waiver of jury trial in misdemeanors. See Tex. Code Crim. Proc. Ann.
arts. 27.14(a) (West 1989) (in misdemeanor case, defendant or counsel may waive jury), 27.14(b)
(West Supp. 1995) (in certain misdemeanor cases, defendant may waive jury trial by mail), 45.24
(West 1979) (defendant in justice court may waive jury trial); see also Chaouachi v. State, 870
S.W.2d 88, 92-93 (Tex. App.--San Antonio 1993, no pet.) (discussing history and interpretation
of article 1.13). The State furthers argues that the final judgments of conviction in cause numbers
16296 and 16338 may not be collaterally attacked for a violation of article 1.13(c). See Ex parte
Sadberry, 864 S.W.2d 541, 543 (Tex. Crim. App. 1993); Ex parte Collier, 614 S.W.2d 429, 434
(Tex. Crim. App. 1981) (violation of article 1.13(a) does not open final judgment to collateral
attack). We do not address these contentions because the record before us demonstrates that
appellant voluntarily waived his right to counsel in cause numbers 16296 and 16338.

 In each cause, appellant was admonished in writing that "you have an absolute right
to be represented by an attorney in this case, and that if you are too poor to afford a lawyer, you
are entitled to an appointed lawyer at the State's expense" and that "[y]ou have an absolute right
to a trial by a jury of your peers." In each case, appellant acknowledged by his signature that he
"received these admonishments in open court from the Judge" and "I hereby waive the forgoing
[sic] rights." In each case, the county court at law found in writing that appellant "waived each
of the foregoing rights knowingly, intelligently and voluntarily." Similar recitals appear in each
judgment.

 There is no constitutionally prescribed method by which the rights to counsel and
jury trial must be waived. It is sufficient that the record reflect a knowing and voluntary
relinquishment of the rights. Burgess v. State, 816 S.W.2d 424, 428 (Tex. Crim. App. 1991)
(counsel); Ex parte Sadberry, 864 S.W.2d 541, 543 (Tex. Crim. App. 1993) (jury); Samudio v.
State, 645 S.W.2d 312, 314 (Tex. Crim. App. 1983) (jury). The written judicial admonishments
and waivers signed by appellant and the trial court in cause numbers 16296 and 16338 are
constitutionally sufficient to demonstrate that appellant knowingly and voluntarily waived both his
right to counsel and his right to trial by jury. 

 Appellant asserts, without citation to pertinent authority, that article 1.13(c)'s
requirement that counsel be appointed cannot be waived. With an exception not applicable here,
however, a criminal defendant may waive any right secured him by law. Tex. Code Crim. Proc.
Ann. art. 1.14(a) (West Supp. 1995). Moreover, the State may not constitutionally impose a
lawyer on an accused against his express will. Faretta v. California, 422 U.S. 806 (1975);
Burgess, 816 S.W.2d at 430. To hold that article 1.13(c) is not waivable would abrogate the
constitutional right to self-representation in nonjury cases. 

 Having waived counsel in cause numbers 16296 and 16338, appellant cannot
complain that article 1.13(c) obligated the trial court in those causes to appoint counsel to
represent him before accepting his jury waiver. Archie v. State, 799 S.W.2d 340, 344 (Tex.
App.--Houston [14th Dist.] 1990), aff'd, 816 S.W.2d 424 (Tex. Crim. App. 1991). Appellant's
previous convictions in cause numbers 16296 and 16338 were properly used to enhance the
present cause to a felony, and the district court did not err by overruling the pretrial challenge to
its jurisdiction. 

 The points of error are overruled and the judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: April 5, 1995

Do Not Publish