# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00551-CR

**Ruel Hill, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
## NO. 671435, HONORABLE MIKE DENTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The trial court found appellant Ruel Hill guilty of assault with family violence. *See* Tex. Pen. Code Ann. § 22.01(a)(1) (West Supp. 2005). The court assessed punishment at 180 days in jail and a $3000 fine, but suspended imposition of sentence and placed Hill on community supervision. Hill contends that the evidence is legally and factually insufficient to sustain the conviction and that he was denied his constitutional right to a jury trial. Finding no reversible error, we will affirm the conviction.

The State's only witness was Austin police officer Larry Gordon. He testified that he was dispatched to a convenience store at about 1:00 a.m. When he arrived, he found Hill and a woman named Jamie Ward standing outside the store. Ward was crying and hysterical, and "she seemed fearful as well." Gordon testified that Ward told him:

Hill was a live in boyfriend and they had a child together and they had a verbal argument because she wanted to leave the house and he was very violent and she believed that he would hurt her if she left. And she also advised that she left but he kept the baby and he grabbed her and shook her and she called the police at the convenient store because she had to leave her baby there. And she wanted to get her belongings and her child from the residence.

Gordon testified that, using his flashlight, he examined Ward's arm where she said Hill had grabbed her. He said that he saw bruises on her triceps that were more pronounced than they appear in photographs taken at the scene and introduced in evidence. Gordon said that the bruises he saw "would be consistent with the complaint of pain" by any reasonable person, but he acknowledged that Ward told him that she did not experience pain.

Gordon described Hill's demeanor at the scene as angry and aggressive. He interrupted Gordon's questioning of Ward, saying, "[W]hy are you saying that to the police, I didn't hurt you I didn't do anything." Hill "was constantly looking at her and very verbal with eye contact in her direction." The officer said that Ward "was very defensive once she thought that [Hill] would probably be arrested."

Ward testified for the defense. She said that she and Hill had argued because Hill did not want her to take their child with her when she left the house, and that she called the police because she wanted help getting the child out of the house. She testified that Hill did not grab her arm or cause her any pain. She added that she and Hill "were making up" when Gordon arrived at the convenience store, but that the officer "was aggressive towards Ruel of course because I said that he had a knife, which he did not."

When there is a challenge to the sufficiency of the evidence to sustain a criminal conviction, the question presented is whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (legal sufficiency); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (legal sufficiency); *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004) (factual sufficiency). In a legal sufficiency review, all the evidence is reviewed in the light most favorable to the verdict, and it is assumed that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Griffin*, 614 S.W.2d at 159 (citing *Jackson*, 443 U.S. at 318-19). In a factual sufficiency review, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). Although due deference still must be accorded the fact-finder's determinations, particularly those concerning the weight and credibility of the evidence, the reviewing court may disagree with the result in order to prevent a manifest injustice. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). The evidence will be deemed factually insufficient to sustain the conviction if the proof of guilt is too weak or the contrary evidence is too strong to support a finding of guilt beyond a reasonable doubt. *Zuniga*, 144 S.W.3d at 484-85; *see Johnson*, 23 S.W.3d at 11.

Hill contends that the State failed to prove that he caused bodily injury to Ward. "Bodily injury" means physical pain, illness, or any impairment of physical condition. Tex. Pen. Code Ann. § 1.07(a)(8) (West Supp. 2005). This definition is purposefully broad and encompasses even relatively minor physical contact so long as it constitutes more than mere offensive touching.

3

*Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989). It is not necessary that the alleged victim testify that she experienced pain; the trier of fact may draw reasonable inferences from the evidence, including an inference that the victim suffered pain as a result of her injuries. *Bolton v. State*, 619 S.W.2d 166, 167 (Tex. Crim. App. 1981) (evidence of cut sufficient to show bodily injury); *Arzaga v. State*, 86 S.W.3d 767, 778 (Tex. App.—El Paso 2002, no pet.) (swelling and bruising of lips sufficient to show bodily injury); *Goodin v. State*, 750 S.W.2d 857, 859 (Tex. App.—Corpus Christi 1988, pet. ref'd) (bruises and muscle strain sufficient to show bodily injury).

Ward told Officer Gordon at the scene that Hill grabbed her arm and shook her. Gordon testified that he saw bruises on Ward's arm that were consistent with this description of the alleged assault, and he was of the opinion that any person suffering such bruising would experience pain. Although Ward later told the officer that Hill did not hurt her and testified at trial that he did not even grab her, the trial court was in the best position to judge the credibility of these statements in light of the circumstances under which they were made. Applying the appropriate standards of review, we hold that the evidence is legally and factually sufficient to support a finding of guilt beyond a reasonable doubt. Points of error one and two are overruled.

In his remaining points of error, Hill contends that he was denied his constitutional right to a jury trial and that the trial court erred by overruling his motion for new trial on that ground. Specifically, Hill asserts that a constitutional error occurred because he never knowingly, intelligently, or voluntarily waived his right to a jury trial. *See Robles v. State*, 577 S.W.2d 699, 703 (Tex. Crim. App. 1979) (waiver of constitutional right must be voluntarily and knowingly made).

The clerk's record does not contain the written jury waiver required by statute. *See* Tex. Code Crim. Proc. Ann. art. 1.13(a) (West 2005). A written waiver is not constitutionally required. *Johnson v. State*, 72 S.W.3d 346, 348 (Tex. Crim. App. 2002) (citing *Ex parte Sadberry*, 864 S.W.2d 541, 543 (Tex. Crim. App. 1993)). The reporter's record is also silent in this regard. The judgment of conviction, however, recites that Hill waived trial by jury. This recitation is binding in the absence of direct proof of its falsity. *Id*. at 349 (citing *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (op. on reh'g)).

At the hearing on his motion for new trial, Hill testified that his trial counsel never discussed with him whether he should invoke or waive his right to a jury trial. Hill said, "I always thought it was a jury, even the day of the trial I saw some people sitting there and I thought it was the jury, I have never been in a situation like that before." Hill testified that he never told his lawyer that he wanted a bench trial and that he never waived his jury right in court.

Hill's trial counsel testified that he and Hill discussed Hill's right to a jury trial and the relative merits of a jury trial and a bench trial. Counsel acknowledged that he had difficulty communicating with Hill "because he never really wanted to talk about what to do with the case, he only wanted to get excited and scream about the injustice of him being charged." But counsel was certain that appellant understood his right to trial by jury and deliberately chose to waive it. He testified, "I know he understood his options and he selected the option of going to the Judge because he specifically told me he was not worried about getting convicted. He did not believe he could get convicted and he knew that was the quickest route possible."

We review the denial of a motion for new trial for an abuse of discretion. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004). We view the evidence in the light most favorable to the court's ruling and presume that all reasonable findings that could have been made against the losing party were made. *Id*. A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Id*.

In denying Hill's motion for new trial, the court expressly stated that it found trial counsel's testimony to be credible. That testimony, viewed in the light most favorable to the ruling, supports the conclusion that Hill knew and understood his right to trial by jury, and that he knowingly and voluntarily waived it. On this record, there is no direct proof that the judgment recital is false and the trial court did not abuse its discretion by overruling the motion for new trial. Points of error three and four are overruled.

The judgment of conviction is affirmed.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Affirmed

Filed:  April 13, 2006

Do Not Publish