# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00043-CR

## Ex parte Saul Salinas

## FROM THE DISTRICT COURT OF SAN SABA COUNTY, 33RD JUDICIAL DISTRICT NO. 5141, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Saul Salinas appeals from the denial of relief in his habeas corpus proceeding challenging the order placing him on deferred adjudication community supervision. Salinas pleaded guilty to three counts of aggravated sexual assault of a child younger than 14 years of age. *See* Tex. Penal Code Ann. § 22.021 (West Supp. 2008). Adjudication of guilt was deferred for ten years pending Salinas's satisfactory completion of community supervision. After the State filed a motion to adjudicate, Salinas filed this petition contending that his plea was involuntary and any proceedings based thereon are void because (1) there is no signed jury waiver in the record, *see* Tex. Code Crim. Proc. Ann. art. 26.13(d) (West 2009); and (2) he was not fully informed before pleading guilty of the consequences in the event of an adjudication of guilt, including that he would be required to register as a sex offender, *see id*. art. 42.12, § 5(a), (b) (West Supp. 2008). We affirm.

An applicant seeking habeas corpus relief on the basis of an involuntary guilty plea must prove his claim by a preponderance of the evidence. *Ex parte Morrow*, 952 S.W.2d 530, 535 (Tex. Crim. App. 1997). An appellate court reviewing a trial court's ruling on a habeas claim must

review the record evidence in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). A guilty plea, to be consistent with due process of law, must be entered knowingly, intelligently, and voluntarily. *Id.* (citing *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)). To be "voluntary," a guilty plea must be the expression of the defendant's own free will and must not be induced by threats, misrepresentations, or improper promises. *Id.* (citing *Brady v. United States*, 397 U.S. 742, 755 (1970)). A defendant's sworn representation that his guilty plea is voluntary "constitute[s] a formidable barrier in any subsequent collateral proceedings." *Id.* (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)). Mere procedural irregularities such as noncompliance with a statutory process—including the failure to obtain the defendant's signature on a waiver of jury trial—do not alone amount to deprivation of constitutional rights. *Ex parte Sadberry*, 864 S.W.2d 541, 543 (Tex. Crim. App. 1993).

Salinas contends that "there is no signed waiver of jury trial among the papers of this cause." There is a document entitled Defendant's Plea of Guilt, Waiver, Stipulation and Judicial Confession, dated November 4, 1999, bearing a signature on the line for defendant of "Saul Salinas," that contains the following language: "I have the right to be confronted with the witnesses against me whether I have a trial before the court or the jury. . . . I desire to waive and do waive the following right: . . . Waive the right of trial by jury . . . ." This waiver of the right to trial by jury is signed by the defendant, his trial attorney, the State's attorney, and the trial court. The document is sworn to by Salinas, and his trial attorney signed a statement approving of Salinas's actions, including the waiver of his right to a jury trial. This document satisfies the statutory

2

requirements for waivers of the right to trial by jury. *See* Tex. Code Crim. Proc. Ann. art. 1.13(a) (West 2005).[1] We find no error or deprivation of constitutional rights.

Salinas next complains that the court failed to fully admonish him of the consequences of his plea in the event of an adjudication of guilt and that he was not advised of the effects of the sex offender registration statute until after the plea was accepted and judgment pronounced and he was being advised by the community supervision officer as to the terms of probation. He contends that this violates the requirements of Texas Code of Criminal Procedure article 42.12, sections 5(a) and 5(b). Article 26.13 lists some consequences of a guilty plea. Article 26.13(a)(5) requires the court to admonish a defendant before accepting his plea "that the defendant will be required to meet the registration requirements of Chapter 62, if the defendant is convicted of or placed on deferred adjudication for an offense for which a person is subject to registration under that chapter." *Id*. art. 26.13(a)(5). The record contains documents entitled Admonishments Under V.A.C.C.P. Art. 62.02, et seq., Terms and Conditions of Probation of Saul Salinas, and a Sex Offender Supplement Probation Terms and Conditions for Sex Offenders. Each of these documents is dated November 4, 1999, contains a signature in the line for defendant or probationer, and was filed by the clerk at noon on November 4, 1999. The record does not reveal in what order these documents were signed. Article 42.12, section 5(a) specifically states that "*[a]fter placing the defendant on community supervision* under this section , the judge shall inform

---

[1] Salinas contends that the requirements of article 26.13(d) were not fulfilled because there is no signed waiver of jury trial in the record. *See* Tex. Code Crim. Proc. Ann. art. 26.13(d) (West 2009). Even if there were not a signed jury waiver, this argument would fail because article 26.13(d) does not require a signed jury waiver. *See id.* Article 26.13(d) governs written acknowledgments of admonitions, not waivers, regarding various rights other than the right to jury trial. *See id.* art. 26.13(a), (d).

the defendant orally or in writing of the possible consequences under Subsection (b) of this section of a violation of community supervision." Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (emphasis added). Further, article 26.13 requires only substantial compliance with article 26.13(a)(5) and, more importantly, "[t]he failure of the court to comply with Subsection (a)(5) is not a ground for the defendant to set aside the conviction, sentence, or plea." *Id.* art. 26.13(h). Salinas's allegations regarding the completeness and the timing of the admonitions regarding sex-offender registration do not show actions entitling him to habeas relief.

Salinas also argues that his plea was invalid because there is nothing in the record showing a recommended punishment to be imposed if he was later adjudicated guilty. He contends that this amounted to a failure of the court to inform him of the possible consequences of failure to comply with the terms of his community supervision.

A trial court must inform the defendant of the consequences of a probation violation. *See id.* art. 42.12, § 5(a);[2] *Ray v. State*, 919 S.W.2d 125, 126 (Tex. Crim. App. 1996). The code describes the consequences of a probation violation as follows:

---

[2] The statute provides in relevant part as follows:

> After placing the defendant on community supervision under this section, the judge shall inform the defendant orally or in writing of the possible consequences under Subsection (b) of this section of a violation of community supervision. If the information is provided orally, the judge must record and maintain the judge's statement to the defendant. The failure of a judge to inform a defendant of possible consequences under Subsection (b) of this section is not a ground for reversal unless the defendant shows that he was harmed by the failure of the judge to provide the information.

*Id.* art. 42.12, § 5(a) (West Supp. 2008).

4

On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. This determination is reviewable in the same manner as a revocation hearing conducted under Section 21 of this article in a case in which an adjudication of guilt had not been deferred. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred. A court assessing punishment after an adjudication of guilt of a defendant charged with a state jail felony may suspend the imposition of the sentence and place the defendant on community supervision or may order the sentence to be executed, regardless of whether the defendant has previously been convicted of a felony.

Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b). A statement of a recommended punishment upon revocation is not expressly required. The case Salinas cites, *Ex parte Delaney*, stands for the proposition that, unless the defendant knows what punishment will be recommended upon revocation of his deferred adjudication community supervision, a pretrial waiver of the right to appeal cannot be made knowingly regarding the events at the punishment phase. 207 S.W.3d 794, 799-800 (Tex. Crim. App. 2006) (without agreed punishment, pretrial waiver of right to appeal would be made in ignorance of "unanticipated errors [that] may occur at the punishment phase of trial") The *Delaney* court did not hold, however, that the guilty plea itself was void. *See id.* When the legislature listed the consequences that must be conveyed to the defendant, it did not include a punishment recommendation in the required information. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b). We are not persuaded to add an admonishment to the legislatively determined requirements. The trial court did not abuse its discretion by failing to give a non-mandatory admonishment.

5

The record contains a document entitled Written Admonishments on Guilty Plea (Deferred), dated November 4, 1999, and containing a signature on the line for defendant. It states:

> I also understand that on violation of a condition of probation imposed under V.A.C.C.P. Article 42.12 Section 5, I may be arrested and detained as provided in section 21 of that article. . . . I further understand that after an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and the defendant's appeal continue as if the adjudication of guilt had not been deferred.

This language tracks the language of subsection (b). *See id.* This admonishment was repeated in the judgment assessing deferred adjudication community supervision. As required by statute, Salinas was informed that, upon revocation of community supervision, the assessment of punishment would continue as if the adjudication of guilt had not been deferred. Defendant's Plea of Guilty, Waiver, Stipulation and Judicial Confession, signed by Salinas on November 4, 1999, sets out the range of punishment. We find no error or constitutional rights violation.

Affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: August 6, 2009

Do Not Publish