Opinion issued June 3, 2010 




             



 
 





In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-09-00275-CR
____________

KEVIN PATRICK DOYLE, Appellant

v.

THE STATE OF TEXAS, Appellee




On Appeal from the County Criminal Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1382087-A


 

O P I N I O N  A jury convicted appellant, Kevin Patrick Doyle, of the Class B misdemeanor
offense of driving while intoxicated (DWI) and the trial court assessed punishment
at 120 days’ imprisonment and an $800 fine. See Tex. Penal Code Ann. §§ 49.01,
49.04 (Vernon 2003). The trial court suspended the sentence and placed appellant on
community supervision for 18 months. On direct appeal, this Court affirmed the
conviction, and the Court of Criminal Appeals denied appellant’s petition for
discretionary review. Doyle v. State, 265 S.W.3d 28 (Tex. App.—Houston 2008, pet.
ref’d). On February 5, 2009, appellant filed an application for a writ of habeas
corpus, arguing that this Court improperly affirmed his conviction on a legal theory
that was not presented by the State in the trial court. The trial court held a hearing on
the writ and denied habeas relief. 
          Appellant now appeals the trial court’s denial of habeas relief.   In two points
of error, appellant argues that the trial court erred in holding that this Court did not
violate his federal constitutional right to due process of law by affirming the trial
court’s ruling on his motion to suppress evidence. We affirm. 
Background
          Just after midnight on June 8, 2006, Officer Margarito Perales watched
appellant’s vehicle weave into the oncoming lane of traffic in which the officer was
traveling and then return to the correct side of the street. Traffic was busy, and
Perales testified he had to stop his marked squad car to avoid a head-on collision with
appellant. Perales testified that he made a U-turn and initiated a traffic stop because
he had reason to believe appellant had committed a traffic violation for failing to
drive in a single lane of traffic. Specifically, Perales indicated his belief that
appellant had violated the Transportation Code. Perales testified that the street on
which appellant was traveling did not have markings dividing the street into lanes. 
          Appellant told the officer that he was driving home from a wine tasting at a
friend’s house where he drank two glasses of wine. Officer Perales testified that
appellant had red, glassy eyes, slurred speech, and an odor of alcohol on his breath. 
He also testified that, based on his training and experience, these were signs that a
person was under the influence of alcohol. Perales administered field sobriety tests,
which appellant failed. Perales subsequently arrested appellant for suspicion of DWI. 
Appellant was taken to the police station, where he repeated and failed several field-sobriety tests. Appellant submitted to a breath test and registered 0.19 breath alcohol
content. The breath test was administered approximately an hour after appellant was
stopped by Perales, which indicated that appellant was intoxicated at the time he was
driving.
          On the day of trial, appellant filed a motion to suppress, alleging that Officer
Perales lacked reasonable suspicion to stop him and seeking to suppress evidence
obtained from an allegedly illegal traffic stop. The trial court carried the motion with
the trial and withheld ruling until after Perales’s testimony. During Perales’s
testimony, defense counsel asked the officer to indicate the manner in which appellant
was driving on a map depicting the roadway. Perales showed with markers on the
diagram how appellant’s vehicle weaved into the oncoming lane of traffic. 
Appellant’s trial counsel repeatedly questioned whether the street had markings
dividing it into lanes. Perales testified that the street did not have markings dividing
the lanes but indicated that it was a traffic violation regardless of whether the street
was divided clearly with markings.
          Outside the presence of the jury, appellant’s trial counsel made a short
argument on the motion. Appellant’s trial counsel stated, “[I]t’s clear to me that he’s
making the stop because he feels like that Section 545.060, driving on the roadway
for — for traffic with that portion of the statute has been violated.” Appellant’s trial
counsel proceeded to argue why Officer Perales’s testimony did not meet the
requirements of Section 545.060 of the Transportation Code; specifically, counsel
argued that there was no evidence that appellant’s driving was unsafe. The
prosecutor responded by arguing there were two independent grounds for the traffic
stop: (1) the officer’s reasonable belief that a traffic offense was being committed
based on appellant’s “weaving or failing to maintain a single lane of traffic” and (2) 
the officer’s reasonable belief that the driver of the vehicle was intoxicated, based on
his experience and training. The prosecutor never pointed to a specific provision of
the Transportation Code. After the brief argument on the motion, the court denied the
motion. In denying the motion, the court provided the following explanation on the
record:
[W]hen the weave took place, the officer [was] a few car lengths away
and he [was] compelled to stop his car for . . . his own safety reason. . .
. Officer Perales had reasonable suspicion . . . that 545.060 had been
committed. Therefore, he had a valid reason to detain him on a
reasonable suspicion on the traffic violation. 
 
          On direct appeal, a panel of our Court found that the trial court’s denial of the
motion was not an abuse of discretion. Doyle, 265 S.W.3d at 32. Our Court deferred
to the trial court’s findings that Officer Perales witnessed appellant weave into the
oncoming lane of traffic and was forced to stop his vehicle to avoid a collision with
appellant. Applying the applicable standard of review to conclusions of law,


 we
disagreed with the trial court’s statement that the officer witnessed a specific
violation under Section 545.060, but nevertheless found that the officer had
reasonable suspicion that a traffic offense occurred. Specifically, we held that the
facts gave rise to a traffic violation under Section 545.051 of the Transportation Code
and thus, Perales had reasonable suspicion to believe a traffic violation had occurred. 
Id. at 32.
          At trial, appellant’s counsel also requested that the jury be provided an
instruction pursuant to Article 38.23.


 Specifically, trial counsel requested that the
jury be given an instruction on how to handle illegally obtained evidence. Trial
counsel argued that a factual dispute existed as to “the violation of either to maintain
a single lane of traffic or weaving[.]” Appellant’s trial counsel provided the court
with case law, but the court denied the request for instruction. The court explained
that appellant never testified that he did not weave, which distinguished the case from
the authority presented by trial counsel.
          On direct appeal, appellant also argued that the trial court erred in failing to
provide the instruction. Our Court noted that appellant did not contest that he weaved
into the lane of oncoming traffic; rather, he explained he did so to avoid a parked car. 
Our Court held that it was not error and the trial court properly refused the instruction
because the facts concerning how the evidence was obtained were not in dispute. Id.
at 33–34. 
          Appellant filed a petition for discretionary review with the Court of Criminal
Appeals, which was denied. In his petition for discretionary review, appellant argued
the same points he raised later in his post-conviction habeas corpus. The trial court
held a hearing on the application for habeas review and issued findings of fact and
conclusions of law. The trial court denied habeas relief, concluding in a written
order:
[D]efendant’s attorney failed to present any testimony or argument that
the defendant violated any section of the Transportation Code by his
weaving into oncoming traffic despite his having the opportunity to do
so. . . . Clearly, the defense knew why the defendant was stopped and
may not ‘lay behind the log’ in reliance on the state’s argument. It was
readily apparent that Officer Perales had a reasonable suspicion to detain
the defendant. The appellate courts have long recognized that the state’s
failure to list or verbalize every possible basis for holding search legal
does not waive the unstated basis for urging validity on appeal.
 
Analysis
          In two points of error, appellant complains that the trial court erred in denying
habeas relief because this Court improperly affirmed the conviction on a legal theory
that was not presented by the State in the trial court. Specifically, he contends that
our affirmance violated his rights to due process and to a jury charge under our State
statutory exclusionary rule. 
A.      Standard of Review
          We review the trial court’s denial of habeas relief under an abuse of discretion
standard, and will consider the facts in the light most favorable to the court’s ruling. 
Ex parte Wheeler, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). We afford almost
complete deference to the trial court’s determination of historical facts supported by
the record, especially when those factual findings rely upon an evaluation of
credibility and demeanor. Ex parte Tarlton, 105 S.W.3d 295, 297 (Tex.
App.—Houston [14th Dist.] 2003, no pet.). We apply the same deference to review
the trial court’s application of law to fact questions, if the resolution of those
determinations rests upon an evaluation of credibility and demeanor. Id. However,
if the outcome of those ultimate questions turns upon an application of legal
standards, we review the trial court’s determination de novo. Id.
A.      Availability of Writ
          “[B]oth federal and Texas courts have confined the scope of post-conviction
writs of habeas corpus to jurisdictional or fundamental defects and constitutional
claims.” Ex parte Graves, 70 S.W.3d 103, 109 (Tex. Crim. App. 2002). Appellant
filed his writ pursuant to Article 11.072 of the Texas Code of Criminal Procedure
arguing a violation of due process under the United States Constitution. Accordingly,
we consider the availability of writ relief under both the Texas statutory scheme and
federal constitutional law.
          1.       Article 11.072 of the Texas Code of Criminal Procedure
          “Habeas corpus is an extraordinary remedy and is available only when there is
no other adequate remedy at law.” Ex parte Cruzata, 220 S.W.3d 518, 520 (Tex.
Crim. App. 2007). Article 11.072 establishes the procedures for an applicant to seek
habeas corpus relief “from an order or a judgment of conviction ordering community
supervision.” Tex. Code. Crim. Proc. Ann. art. 11.072, § 1 (Vernon 2005). The
statute expressly provides that writ relief is not available “if the applicant could
obtain the requested relief by means of an appeal under Article 44.02 and Rule 25.2,
Texas Rules of Appellate Procedure.”


 Id. § 3(a). Further, “a claim which was
previously raised and rejected on direct appeal is not cognizable on habeas corpus.” 
Ex parte Torres, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997). However, habeas
relief may be available for review of an issue which was not apparent from the record
on direct appeal. See Ex parte Rich, 194 S.W.3d 508, 512-13, n.9 (Tex. Crim. App.
2006). 
          Because appellant received a probated sentence from the trial court, appellant’s
application for habeas relief is governed by Article 11.072. Appellant had the ability
to raise these issues on appeal and pursued that opportunity by actually raising the
issues on direct appeal. 
          Appellant’s argument is entirely based on the theories and evidence presented
at trial to establish reasonable suspicion to initiate the traffic stop. The section titled
“Relevant Facts” in appellant’s writ application provides facts taken directly from and
cited to the record from the DWI trial. Appellant attached with his habeas application
his affidavit and the affidavits of two of his trial attorneys recalling the testimony and
arguments given at the DWI trial that had occurred two-and-a-half years earlier. The
accounts do not provide any additional information that is not reflected in the trial
record. We also note that appellant’s and trial counsels’ narratives recalling the
testimony given at the DWI trial do not provide the best evidence of the trial
testimony when the record transcript of the trial is available. See Tex. R. Evid. 1002
(“To prove the content of a writing, recording, or photograph, the original writing,
recording, or photograph is required except as otherwise provided in these rules or
by law.”). The affidavits provide no evidence, and thus, the fact that appellant
attached affidavits to his application does not transform his habeas claim into an
“issue which was not apparent from the record on direct appeal.” See Rich, 194
S.W.3d at 512–13, n.9. 
          Under the express terms of the Texas statute, the issues presented by appellant
are not cognizable for habeas review. See Tex. Code. Crim. Proc. Ann. art. 11.072,
§ 3(a). 
          2.       Writ Relief for Constitutional Violations
          Additionally, appellant recasts his two issues as violations of constitutional
magnitude, arguing that both alleged errors resulted in a denial of due process. 
Federal and Texas state courts limit the review of post-conviction writs to
jurisdictional or fundamental defects and constitutional claims. Graves, 70 S.W.3d
at 109. “Violations of statutes, rules, or other non-constitutional doctrines are not
recognized” on collateral review. Id. (citing Ex parte Sadberry, 864 S.W.2d 541, 542
(Tex. Crim. App. 1993) (habeas writ cannot be invoked for mere statutory
irregularities in criminal proceedings)). “[A] trial court’s failure to adhere to statutory
procedures serving to protect a constitutional provision violates the statute, not the
constitutional provision itself.” Id. (citing Sadberry, 864 S.W.2d at 542 n.5 (“[w]hile
we do not sanction noncompliance with procedural rules designed to safeguard
constitutional rights, the writ was not intended to provide for relief for such
noncompliance where the record is otherwise clear on the rights to which the
procedural formalities pertain.”)).
          Appellant’s second issue, the alleged failure to provide an instruction under
Article 38.23, relates to the trial court’s failure to adhere to statutory procedure. See
Graves, 70 S.W.3d at 109. Thus, even if the trial court committed error in not
instructing the jury, appellant could not obtain relief on habeas review because he
invokes a statute, not a constitutional right. See id.
          With regard to his first issue, appellant argues that his federal constitutional
rights to procedural due process were violated by likening our de novo review of the
trial court’s conclusions of law to a failure “to give a defendant ample opportunity to
meet an accusation.” As a preliminary matter, we note that appellant’s argument that
the State argued a legal theory for the first time on appeal is misguided. First,
appellant’s argument is flawed because the State did not offer a different theory of
admissibility for the first time on appeal; at all times the State has argued that
reasonable suspicion existed to justify the traffic stop. Appellant cites to Steagald v.
United States to support his argument that it violates due process when the State
asserts a legal theory of admissibility for the first time on appeal. See 451 U.S. 204,
208–11, 101 S. Ct. 1642 (1981). In that case, the Court observed, “The Government
. . . may lose its right to raise factual issues of this sort before this Court when it has
made contrary assertions in the courts below, when it has acquiesced in contrary
findings by those courts, or when it has failed to raise such questions in a timely
fashion during the litigation.” Id. The other cases cited by appellant also relate to the
Government asserting an inconsistent theory for the first time on appeal and asking
the appellate court to remand for further factual determinations. See, e.g., Combs v.
United States, 408 U.S. 224, 226–28, 92 S. Ct. 2284 (1972); Wilson v. State, 692
S.W.2d 661, 663–64 (Tex. Crim. App. 1984).
          The present case is distinguishable from the cited case law because at all times
the State has asserted that Officer Perales had reasonable suspicion to initiate the
traffic stop and has never taken a position that is inconsistent to that theory. Contrary
to appellant’s representation of the facts, the State did not limit its reasonable
suspicion argument to violation of one particular statute. Officer Perales testified that
appellant weaved from his side of the road into oncoming traffic, and he had to stop
his squad car to avoid a head-on collision with appellant. Perales testified that he
believed appellant had committed a traffic violation but never named a specific
section. The prosecutor’s argument against the suppression motion summarized the
facts testified to by the officer which gave rise to reasonable suspicion that appellant
had committed a traffic office. The prosecutor also never named a specific section
but, rather, said that appellant’s driving gave rise to reasonable suspicion on several
grounds. 
          The appellate court must affirm a trial court’s ruling regarding a motion to
suppress if it is reasonably supported by the record and is correct under any theory
of law, even if the trial court relied on the incorrect ground. Romero v. State, 800
S.W.2d 539, 543 (Tex. Crim. App. 1990). Applying this standard on direct appeal in
the instant case, this Court held that the record supported the denial of the
suppression motion on a finding of reasonable suspicion that appellant had committed
a traffic offense by weaving into the left side of the road in the face of an oncoming
marked squad car. Doyle, 265 S.W.3d at 32.
          Because appellant is merely relitigating his motion for suppression under the
exclusionary rule, appellant is not entitled to habeas relief as a matter of law. See
Tex. Code. Crim. Proc. Ann. art. 11.072; Graves, 70 S.W.3d at 109. Accordingly,
the trial court properly denied habeas relief. 
          We overrule appellant’s first and second issues.
Conclusion
          We affirm the judgment of the trial court denying habeas relief.
 
                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Jennings, Hanks, and Bland.

Justice Jennings, concurring.

Publish. See Tex. R. App. P. 47.2(b).