

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00188-CR
_____

CORNELIO MACEDO MEDRANO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 76th District Court
Titus County, Texas
Trial Court No. CR20965

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Cornelio Macedo Medrano was charged with continuous sexual abuse of a young child,[1] to which he pled not guilty. Following a bench trial, the trial court found Medrano guilty and sentenced him to life imprisonment. Medrano appeals and argues that the record is insufficient to show that he freely, knowingly, and intelligently waived his right to a jury trial. We affirm the judgment of the trial court.

## I. The Right to Trial by Jury

"The Sixth Amendment provides that '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury.'" *Rios v. State*, 665 S.W.3d 467, 478 (Tex. Crim. App. 2022) (alteration in original) (quoting U.S. CONST. amend. VI). Nevertheless, "[a] defendant has a limited right to waive his constitutional right to a jury trial in favor of a bench trial or pleading guilty." *Id.* (citing *Adams v. United States ex rel. McCann*, 317 U.S. 269, 275 (1942)). "Article 1.13 of the Texas Code of Criminal Procedure requires a defendant who waives his right to a jury trial to do so in writing in open court with the approval of the court and the State." *Clark v. State*, 592 S.W.3d 919, 931 (Tex. App.—Texarkana 2019, pet. ref'd) (citing TEX. CODE CRIM. PROC. ANN. art. 1.13(a)). However, "[n]either the federal nor the state constitution require that a trial by jury be waived in writing. Rather, the legislature has chosen to observe careful regulation of that constitutional right by specifying how that right may be waived." *Ex parte Sadberry*, 864 S.W.2d 541, 543 (Tex. Crim. App. 1993) (orig. proceeding).

---

[1]*See* TEX. PENAL CODE ANN. § 21.02(b) (Supp.).

Medrano appeals on constitutional grounds. "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Rios*, 665 S.W.3d at 479 (quoting *Brady v. United States*, 397 U.S. 742, 748, (1970)). "Whether 'there is an intelligent, competent, self-protecting waiver of jury trial by an accused must depend upon the unique circumstances of each case.'" *Id.* (quoting *Adams*, 317 U.S. at 278).

## II.    Medrano Waived His Right to Trial by Jury

Medrano contends that the record is insufficient to show that he freely, knowingly, and intelligently waived his constitutional right to trial by jury. He concedes that he signed a waiver of jury trial, which was also signed by his trial counsel and approved by the State and the trial court. *See* TEX. CODE CRIM. PROC. ANN. art. 1.13(a) (Supp.). Nevertheless, he argues that, because he is a native Spanish speaker with a limited ability to read and write English, because there was no discussion in open court regarding his right to a jury trial, and because the record does not show that he had the assistance of an interpreter when he signed the waiver, the record does not show he had sufficient awareness of the relevant circumstances and likely consequences of waiving his right to a jury when he signed the written waiver. We disagree.

The record in this case shows that, on June 15, 2023, a hearing was held by the trial court with an interpreter present to assist Medrano.[2] At that hearing, the trial court questioned Medrano about the written waiver of trial by jury that had been signed by Medrano and his

---

[2]When Medrano filed his brief, the reporter's record of the June 15 hearing had not been filed in the appellate record. Two weeks after Medrano filed his brief, the transcript of the June 15 hearing was filed. Nevertheless, Medrano did not file a supplemental brief or a reply brief asserting any issues regarding that hearing.

attorney on June 15. Medrano assured the trial court that he had signed it freely and voluntarily. After the trial court admonished him regarding the consequences of the waiver, Medrano told the trial court that he understood and wanted a trial before the court only, with no jury. At the same hearing, the trial court set a date for the trial before the court, and Medrano affirmed that he understood that the trial would be in front of the judge. Also, before the trial of this case began, again with an interpreter present, Medrano answered, "Yes," in response to the trial court's question of whether he understood that he was there "for a bench trial before the Court for the Court to determine whether or not [he was] guilty or not guilty."

This record shows that Medrano had the assistance of an interpreter on the day that he signed the written waiver of trial by jury and at the hearing in which the trial court admonished him regarding the consequences of the waiver. As a result, we find that Medrano's complaint that he did not have an interpreter when he signed the waiver and that there was no discussion in open court regarding his right to a jury trial is without merit.

Medrano also argues that the record does not show that he knew he had "an absolute right" to a jury trial or that "he would receive a jury trial unless he waived that right." Medrano does not cite any authority holding that a trial court must admonish a defendant on those matters, but generally cites *Rios*.

In *Rios*, the Texas Court of Criminal Appeals observed that the determination of whether there was a knowing and intelligent waiver of the right to jury trial "must depend upon the unique circumstances of each case." *Rios*, 665 S.W.3d at 479 (quoting *Adams*, 317 U.S. at 278). It set forth a number of factors that courts have used in making this determination, including

"whether the trial court admonished the defendant about his right to a jury." *Id.* at 480. Nevertheless, the court noted, "While admonishments are preferred by many courts, numerous courts have held a colloquy regarding the waiver of a jury is unnecessary." *Id.* at 480 n.25. Further, the court stated that "[a] defendant need not understand every nuance of the right to a jury before waiving that right" and "decline[d] to adopt any definitive statement" of the extent of a defendant's knowledge about the right that is required before the waiver is knowing and intelligent. *Id.* at 482.

In this case, the trial court admonished Medrano about his right to a trial by jury and the consequences of the waiver of that right. Further, the record in this case shows the presence of several other factors set out by *Rios* for determining whether his waiver was knowing and intelligent: (1) Medrano executed a written jury waiver, (2) he had the assistance of an interpreter both at the June 15 hearing and the bench trial, (3) the exchange with the trial court showed he understood the in-court discussion about the waiver, and (4) there was no objection to proceeding with a bench trial when he was asked at the beginning of the trial if he understood the court would determine his guilt or innocence. *See id.* at 479–82.

Based on this record, we find that Medrano voluntarily, knowingly, and intelligently waived his right to trial by jury. We overrule his sole issue.

5

## III.    Disposition

For the reasons stated, we affirm the trial court's judgment.


Jeff Rambin
Justice

Date Submitted:    April 3, 2024
Date Decided:      April 5, 2024

Do Not Publish