**Ex parte Shannon Mark DOUTHIT,
Applicant.**

**No. AP–75267.**

Court of Criminal Appeals of Texas.

May 23, 2007.

Mike Barclay, Alpine, for Appellant.

Frank D. Brown, District Atty., Alpine, Matthew Paul, State's Atty., Austin, for State.

### OPINION

KEASLER, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, WOMACK, HERVEY, and COCHRAN, JJ., joined.

Shannon Mark Douthit pled guilty to capital murder, and the trial judge sentenced him to life imprisonment pursuant to a plea agreement. Douthit filed this application for a writ of habeas corpus alleging that he is entitled to relief because, when he entered his plea, the law did not allow a defendant to waive the right to a jury trial in a capital case. We conclude his claim is not cognizable and deny relief.

### Procedural Posture

Shannon Mark Douthit was charged with capital murder. The indictment alleged that Douthit knowingly and intentionally caused the death of two individuals with a deadly weapon, a handgun, during the same criminal transaction on or about December 13, 1986. On May 29, 1987, Douthit waived a jury trial and pled guilty to the charge as alleged in the indictment. Pursuant to a plea agreement with the State, the trial judge sentenced Douthit to a term of life imprisonment and entered an affirmative deadly weapon finding. Having waived his right to appeal, Douthit did not appeal.

Almost eighteen years after he entered his guilty plea and was sentenced, Douthit filed an application for a writ of habeas corpus alleging, among other things, that when he pled guilty, the applicable law "did not allow a defendant to waive the right to a jury trial in a capital case."

Before September 1, 1991, Article 1.13 of the Texas Code of Criminal Procedure, titled: Waiver of Trial by Jury, stated that a

defendant in a criminal prosecution for any offense classified as a felony less than capital shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea. Before a defendant who has no attorney can agree to waive the jury, the court must appoint an attorney to repre-

sent him.[1]

Additionally, Article 1.14 provided that a "defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case."[2]

Citing our decisions in *Ex parte Dowden*,[3] *Ex parte Jackson*,[4] and *Ex parte Bailey*,[5] where we granted relief to habeas applicants on the same claim that Douthit raises here, the trial judge concluded that Douthit is entitled to relief because his judgment and sentence are void. We filed and set this case to determine if Douthit is entitled to relief. Toward that end, we find it necessary to reexamine our holdings in those cases, which were decided more than twenty years ago, in light of our more recent habeas corpus jurisprudence.

## Law and Analysis

 "A writ of habeas corpus is available only for relief from jurisdictional defects and violations of constitutional or fundamental rights."[6] Douthit cites our prior cases granting habeas relief on his claim:

> [T]his Court ha[s] made a judicial determination that the Texas Legislature had by statute intentionally and completely divested the trial court of authority to assess punishment against a capital defendant during the time period in which this case was decided. The record leaves no question about the fundamental defect, for the judgment and sentence recites on its face that the Defendant waived his right to trial by jury and pled guilty to the charge of capital murder, and that the Trial Court found him guilty of that crime and assessed punishment at life in prison, all in clear contravention of the law as it existed in 1987. As this act was not authorized by law, it was an "illegal act," and the judgment and sentence are therefore void for illegality under *Ex parte Seidel.* This type of void judgment is a "nullity" and can be attacked at any time.[7]

In opposition, the State asserts that a knowing and voluntary waiver of the rights involved in former Articles 1.13 and 1.14 of the Code of Criminal Procedure does not implicate constitutional concerns and that our recent cases have invalidated the cases on which Douthit relies. Therefore, the State argues that Douthit's claim should not be cognizable on a writ of habeas corpus. Citing a Fifth Circuit case, *Parrish v. Beto,* the State explains that "there is no federal constitutional necessity for a jury to set punishment on a guilty plea. Therefore, any violation of the law involved [is] only statutory in nature. Since there is no violation of a constitutional right, there is nothing to be raised in a habeas proceeding."[8] Douthit did not respond to the State's cognizability argument.

As we noted in *Ex parte Graves*, "[w]e are mindful of the fact that we have not always addressed the threshold issue of

1. Tex.Code Crim. Proc. art. 1.13 (Acts of 1965, 59th Leg., vol. 2, p. 317, ch. 722, eff. Jan. 1, 1966).

2. Tex.Code Crim. Proc. art. 1.14 (Amended by Capital Felony Act of 1973, Acts 1973, 63rd Leg., p. 1127, ch. 426, art. 3, § 5, eff. June 14, 1973).

3. 580 S.W.2d 364, 366 (Tex.Crim.App.1979).

4. 606 S.W.2d 934, 934–35 (Tex.Crim.App. 1980).

5. 626 S.W.2d 741, 742 (Tex.Crim.App.1981).

6. *Ex parte McCain*, 67 S.W.3d 204, 207 (Tex. Crim.App.2002) (internal citations omitted).

7. Br. of Applicant at 31 (internal citations omitted).

8. Br. of State at 4 (citing *Parrish v. Beto*, 414 F.2d 770, 772 (5th Cir.1969) (per curiam)).

our habeas corpus jurisdiction before addressing the merits of a given claim. We should."[9]

In *Ex parte McCain,* we considered the cognizability of a habeas corpus application involving another provision of Article 1.13 of the Texas Code of Criminal Procedure.[10] There, the appellant, McCain, argued that his guilty plea was void because the trial judge did not appoint him an attorney before he made his oral and written agreement to waive a jury trial in his felony indecency with a child by exposure case as required by Article 1.13(c).[11] Because his plea was void, McCain alleged that his claim was cognizable on a writ of habeas corpus.[12] We disagreed.[13]

We questioned whether McCain's conviction was "void."[14] Noting that the distinction between "void" and "voidable" convictions in our jurisprudence was confusing,[15] we explained:

"Void" convictions should be defined as those in which the trial court lacked jurisdiction over the person or subject matter or in which the trial judge lacked qualification to act in any manner. Procedural errors or statutory violations may be reversible error on direct appeal, but they are not "fundamental" or "constitutional" errors which require relief on a writ of habeas corpus. We should clearly define the scope of issues and claims that are cognizable on a writ

of habeas corpus as those which raise either jurisdictional defects or constitutional claims.[16]

Turning to the statute at issue, we noted that most of the provisions in the Code of Criminal Procedure are "mandatory," because they require that a trial judge " 'shall' or 'must' do something in a particular manner."[17] But we determined that Article 1.13(c) did not encompass a constitutional or fundamental right,[18] and "this Court has repeatedly held that procedural errors or irregularities or deviations from 'mandatory' statutes are not cognizable on a writ of habeas corpus."[19] We also stated in dicta that "although other portions of article 1.13 are also written in mandatory terms, a violation of those provisions would not be cognizable on a writ of habeas corpus because it would not be a jurisdictional defect or constitutional or fundamental violation. It would be a procedural violation."[20]

■ We then discussed another case involving a violation of Article 1.13, *Ex parte Sadberry,* in which we considered whether habeas relief was available to an applicant who failed to sign a jury waiver.[21] The applicant, Sadberry, argued only that "his conviction should be set aside because his signature does not appear on the statutorily prescribed jury waiver form."[22] He did not assert a violation or ineffective waiver

---

9. *See Ex parte Graves,* 70 S.W.3d 103, 109 (Tex.Crim.App.2002).

10. 67 S.W.3d at 206.

11. *Id.* at 205–06.

12. *Id.* at 206.

13. *Id.*

14. *Id.* at 208–09.

15. *Id.* at 209.

16. *Id.* at 209–10.

17. *Id.* at 210.

18. *Id.* at 206.

19. *Id.* at 209.

20. *Id.* at 210.

21. *Id.* at 210–11 (citing *Ex parte Sadberry,* 864 S.W.2d 541, 542 (Tex.Crim.App.1993)).

22. *Ex parte Sadberry,* 864 S.W.2d at 543.

of his constitutional right to a jury trial.[23] And the United States Constitution does not require a written waiver of the right to a trial by jury.[24] We held that we would not set aside a conviction based on an applicant's failure to sign a written jury waiver form if the applicant does "not claim he desired and was deprived of his constitutional right to a trial by jury, that he did not intend to waive a jury trial or that he was otherwise harmed, and the record reflects that the applicant agreed to the waiver."[25] Although we cautioned that our decision should not be interpreted to encourage disregard of procedural rules,[26] we concluded that a writ of habeas corpus does not provide relief if the record clearly reflects the rights to which the procedural rules relate.[27]

Following the sound reasoning of *Ex parte Sadberry*, we held in *Ex parte McCain* that "a violation of article 1.13(c) is not cognizable on a writ of habeas corpus."[28]

We examined the recent trend concerning the issue of cognizability in our habeas corpus jurisprudence in *Ex parte Richardson*.[29] In that case, the applicant, Richardson, argued that his probation revocation was invalid because the presiding judge at the revocation hearing was also the prosecutor in Richardson's original prosecution.[30] Richardson knew that there

was a conflict and that he could have filed a motion to recuse the judge, but he instructed his counsel to enter the plea agreement with the State.[31] We granted review to determine whether Richardson could obtain relief by post-conviction habeas corpus even though he knew about the conflict and the recusal option at the time he entered his plea of true at the revocation hearing.[32]

Although our decision in *Ex parte Miller*, 696 S.W.2d 908 (Tex.Crim.App. 1985) more than twenty years earlier seemed to dictate the result in *Ex parte Richardson*, the direction of our habeas corpus jurisprudence prompted us to reexamine *Ex parte Miller*.[33] We recalled two recent cases, *Ex parte Townsend*[34] and *Ex parte Pena*,[35] in which we held that the applicants were not entitled to habeas relief where the judges acted without authority to stack the sentences[36] and to impose a fine.[37] Consistent with "the trend of this Court ... to draw stricter boundaries regarding what claims may be advanced on habeas[,]" we held in *Ex parte Richardson* that Richardson was not entitled to relief because he should have raised the issue at trial by objection or a motion to recuse or on direct appeal.[38] We recognized that " 'the Great Writ should not be used' to litigate matters 'which should have been

23. *Id.*

24. *Id.*

25. *Id.*

26. *Id.*

27. *Id.*

28. *Ex parte McCain,* 67 S.W.3d at 211.

29. 201 S.W.3d 712, 713 (Tex.Crim.App.2006).

30. *Id.* at 712.

31. *Id.*

32. *Id.*

33. *Id.* at 713.

34. 137 S.W.3d 79 (Tex.Crim.App.2004).

35. 71 S.W.3d 336 (Tex.Crim.App.2002).

36. *Ex parte Townsend,* 137 S.W.3d at 81–82.

37. *Ex parte Pena,* 71 S.W.3d at 338.

38. *Ex parte Richardson,* 201 S.W.3d at 713–14.

raised on appeal' or at trial."[39] And though "we have not always consistently followed this maxim in the past, in recent years we have more closely adhered to it."[40]

■ Turning to Douthit's case, we note that "[w]e should not overrule precedent lightly."[41] But "[w]hen older precedent conflicts with a newer decision that is found to be more soundly reasoned, we may resolve the inconsistency in favor of the more soundly reasoned decision."[42] As we explained in *Paulson v. State*, the goals of the doctrine of *stare decisis* include "promot[ing] judicial efficiency and consistency, encourag[ing] reliance on judicial decisions, and contribut[ing] to the integrity of the judicial process."[43] And if a prior decision "was poorly reasoned or has become unworkable, we do not achieve these goals by continuing to follow it."[44]

We conclude that our more recent habeas corpus precedent is more soundly reasoned than our prior decisions in *Ex parte Dowden*[45] and its progeny. The violations of Articles 1.13 and 1.14 in Douthit's case are not jurisdictional defects or constitutional or fundamental errors. Rather, as in *Ex parte McCain*, they are statutory violations. Like the applicants in *Ex parte Sadberry* and *Ex parte McCain*, Douthit merely asserts an inconsistency with the procedure required by the statute[46] and does not allege nor present any evidence that he desired to exercise his constitutional right to a trial by jury or that such right

was violated by the trial judge's acceptance of his waiver.[47]

The record demonstrates that Douthit was represented by counsel at the time he entered his plea of guilty. He was admonished of his right to a jury trial before he voluntarily waived that right in two separate documents. As in *Ex parte McCain*, we question, "[i]f the constitution does not require this procedure and the Legislature could eliminate the statute entirely, why would this Court conclude that a conviction is 'illegal' and has no legal force whatsoever simply because of the failure to" follow a procedure prescribed by statute?[48]

■ Similar to *Ex parte Sadberry*, we will not set aside a conviction for a violation of pre-September 1, 1991, Article 1.13 and Article 1.14's prohibition on jury waiver in capital cases if the applicant fails to claim that "he desired and was deprived of his constitutional right to a trial by jury, that he did not intend to waive a jury trial or was otherwise harmed, and the record reflects that the applicant agreed to the waiver[.]"[49] Consistent with our more soundly reasoned decisions in *Ex parte McCain* and *Ex parte Sadberry*, we hold that we will not grant habeas relief where there is no federal constitutional right and the defendant waived a right in a manner inconsistent with the procedures outlined only by statute, but the record reflects that the defendant did so knowingly and voluntarily.

39. *Id.* at 713 (quoting *Ex parte Townsend*, 137 S.W.3d at 81).

40. *Id.*

41. *Awadelkariem v. State*, 974 S.W.2d 721, 725 (Tex.Crim.App.1998).

42. *Id.*

43. *Paulson v. State*, 28 S.W.3d 570, 571 (Tex. Crim.App.2000).

44. *Id.* at 571–72.

45. 580 S.W.2d 364.

46. *See Ex parte Sadberry*, 864 S.W.2d at 543.

47. *See Ex parte McCain*, 67 S.W.3d at 208.

48. *Id.*

49. *Ex parte Sadberry*, 864 S.W.2d at 543.

## Conclusion

Because we have determined that Douthit's claim is not cognizable on a post-conviction writ of habeas corpus, we deny relief. Having reviewed Douthit's other claims, we find he is not entitled to relief. *Ex parte Dowden*[50] and its progeny granting the same relief are overruled.

PRICE, J., filed a dissenting opinion in which HOLCOMB, J., joined.

JOHNSON, J., filed a dissenting opinion.

PRICE, J., dissenting in which HOLCOMB, J., joined.

In *Ex parte Banks*, we recognized that habeas corpus is available to review jurisdictional, constitutional, and fundamental defects.[1] Today the majority essentially reads the Legislature out of the process of defining one of these categories, "fundamental" defects. In the Court's view, "fundamental" has apparently become merely redundant of "jurisdictional" or "constitutional." For the reasons that follow, I respectfully dissent.

At the time the applicant pled guilty in exchange for a life sentence in this capital murder case, Articles 1.13 and 1.14 of the Texas Code of Criminal Procedure prohibited capital defendants from waiving jury trials.[2] The prohibition applied regardless of whether the State was actually seeking the death penalty. This represented a legislative judgment that all capital defendants should be tried by a jury, never the court. The requirement, by its terms, was not subject even to express waiver, much less forfeiture. It was, under the rubric of *Marin v. State*, an "absolute" or "fundamental systemic" requirement of the system, not optional with the parties.[3] The Legislature chose to forbid bench trials in capital murder cases even if both the defendant and the State should expressly consent. Accordingly, in cases in which a trial court allowed a capital defendant to proceed to judgment without a jury verdict under the prior statutory regime, this Court has always in the past respected the Legislative judgment that such an attempted waiver has no effect and has granted relief in post-conviction habeas corpus proceedings.[4]

Today the Court declares that such a claim will no longer be regarded as cognizable in post-conviction habeas proceedings. As I understand it, because in the Court's view the requirement is only statutory and only procedural, it cannot be regarded as fundamental. I cannot subscribe to this view.

This Court's power to issue the writ of habeas corpus is subject to legislative regulation.[5] The Legislature has prescribed the procedure to be followed in post-conviction writs of habeas corpus in both non-capital felony cases and in capital cases.[6] So far as I am aware, the Legislature has thus far left the question of what is *cogni-*

---

50. 580 S.W.2d 364.

1. 769 S.W.2d 539, 540 (Tex.Crim.App.1989).

2. Both statutes were amended in 1991 to abolish the prohibition as it applies to capital cases in which the State waives the death penalty. See Acts 1991, ch. 652, §§ 1 & 2, eff. Sept. 1, 1991.

3. 851 S.W.2d 275, 279–80 (Tex.Crim.App. 1993).

4. *Ex parte Dowden*, 580 S.W.2d 364 (Tex. Crim.App.1979); *Ex parte Jackson*, 606 S.W.2d 934 (Tex.Crim.App.1980); *Ex parte Bailey*, 626 S.W.2d 741 (Tex.Crim.App.1981).

5. TEX. CONST. art. V, § 5.

6. *See* TEX.CODE CRIM.PROC. arts. 11.07 & 11.071, respectively.

*zable* in a post-conviction writ of habeas corpus to this Court's interpretation. But the Legislature has not abdicated its authority to enact "fundamental" requirements by statute. This is not to say that any and every mandatory criminal procedural statute will invariably set up an absolute or fundamental feature of the system, not optional with the parties, and therefore cognizable in post-conviction habeas corpus proceedings-far from it, as our more recent case law has made clear.[7] But when the Legislature enacts a statute that *expressly* makes a requirement *non-waivable*, it has clearly and unmistakably identified a fundamental feature of the system, which no interest in the finality or repose of judgments should be thought to overcome.[8]

In former Articles 1.13 and 1.14, the Legislature could not have been more clear in manifesting its intention that any capital murder case be tried to a jury, regardless of the wishes of the litigants. They were, in this regard, more than "mandatory" statutes. They were unequivocal expressions of an indispensable feature of the system. In *Marin* we made it clear that such an absolute requirement should be subject to vindication in any available post-conviction proceeding, whether on direct appeal or in an initial application for writ of habeas corpus, irrespective of ordinary principles of waiver or procedural default.

The cases that the Court relies upon today are distinguishable. In *Ex parte Sadberry*,[9] we rejected a claim under Article 1.13 that a non-capital felony conviction was "void," and therefore cognizable in a post-conviction writ application, because the applicant had not waived his right to a jury trial *in writing*. We noted that the writing requirement was strictly a creature of statute, and that there was no claim the applicant had not, in fact, validly waived his right to a jury consistent with constitutional mandates. This holding was not surprising or anomalous. Though the statutory requirement of Article 1.13 that a jury waiver be in writing is a mandatory one, the statute does not identify the writing requirement as a feature of the system that the parties may not agree to dispense with, either by consent or forfeiture. The same can be said of the statutory provision at issue in *Ex parte McCain*.[10] The right at issue there was the right, embodied in Article 1.13(c), of an indigent non-capital defendant to have an attorney appointed and present before he waives his right to a jury trial. The Court held that this right, too, was not cognizable in post-conviction habeas corpus, notwithstanding the mandatory language of the provision. But this statutory provision, like the one in issue in *Sadberry* mandating that a jury waiver be made in writing, is not nearly as clearly marked as an absolute and indispensable feature of the system as the core (albeit

---

7. *See, e.g., Ex parte McCain*, 67 S.W.3d 204, 209 (Tex.Crim.App.2002) ("[T]his Court has repeatedly held that procedural errors or irregularities or deviations from 'mandatory' statutes are not cognizable on a writ of habeas corpus.").

8. By this I mean that, so long as the Legislature has prescribed a forum for review, such as direct appeal or an initial application for habeas relief, such absolute requirements should be subject to vindication. See *Marin v. State, supra,* at 278; *Ex parte Blue*, 230

S.W.3d 151, 155 (Tex.Crim.App.2007). I do not mean to suggest that such a claim would necessarily be cognizable in a subsequent habeas corpus application if it did not meet the criteria of Article 11.07, Section 4 in a non-capital felony, or Article 11.071, Section 5, in a capital case.

9. 864 S.W.2d 541 (Tex.Crim.App.1993).

10. 67 S.W.3d 204 (Tex.Crim.App.2002).

statutory) requirement of a jury trial in capital cases at issue today.

If the applicant's claim does not constitute a legislatively recognized "fundamental" defect, cognizable in post-conviction habeas corpus proceedings, it is hard to imagine any legislative mandate that ever *could.* The Court has seemingly excluded the Legislature from the process of defining "absolute requirements or prohibitions" (less than jurisdictional), and thus taken it out of our habeas corpus jurisprudence altogether. I would hold that the applicant's claim remains cognizable in a post-conviction application for writ of habeas corpus, and grant relief. Because the Court does not, I respectfully dissent.

JOHNSON, J., dissenting.

Applicant was charged with a capital murder committed in 1986. He accepted the state's offer of a plea of guilty in exchange for a life sentence. He now seeks relief from that sentence and complains that the law at the time of his plea barred waiver of a jury trial in a capital case.

A comparison of the current procedural rules with the procedural rules in effect at the time of applicant's plea indicates that, perhaps in response to complaints such as this one, the legislature has clarified what it means by "capital case" by inserting the phrase "in which state seeks the death penalty" or "in which the state does not seek the death penalty," or similar phrases expressing the same narrowing of application, into at least 15 sections of the Code of Criminal Procedure.[1] In *Sisk v. State,* 131 S.W.3d 492 (Tex.Crim.App.2004), we held that the insertion of those phrases indicated that the term "capital case" should be limited to a case in which the death penalty was sought or sought and assessed, according to the posture of the case before us. *Sisk* was an appeal of denial of a DNA test pursuant to Chapter 64 while Sisk was confined on a life sentence stemming from an indictment for capital murder. We held that, because Sisk's sentence was life imprisonment, his case was not a "capital case" as that term was used in the statutes and that he must, therefore, appeal first to the appropriate court of appeals. The logic of *Sisk* applies in this case also. Applicant was indicted for capital murder, but the state evinced its decision not to seek the death penalty by offering a plea bargain for a life sentence. The case then ceased to be a "capital case," and applicant was free to waive a jury trial. There is no error shown, and applicant is not entitled to relief as to that issue.

Applicant also raised four additional claims: ineffective assistance of counsel on appeal; fundamentally defective information; involuntary guilty plea; and involuntary confession. Those issues have not been investigated and addressed. I would remand those issues to the trial court for a hearing. Because the Court does not do so, I respectfully dissent.

---

1. *See,* Tex.Code.Crim. Proc. arts. 1.13, 26.04, 26.052, 34.04, 35.13, 35.15, 35.16(b)(1), 35.17(2), 35.25, 35.26(b), 36.29(b), 37.071 § 1, 37.071 § 2(a)(1), 37.0711, §§ 2, 3(a)(1).