IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. AP-76,533





Ex parte KER'SEAN OLAJUWA RAMEY, Applicant





ON APPLICATION FOR A WRIT OF HABEAS CORPUS

FROM JACKSON COUNTY




 

 Keller, P.J., delivered the opinion of the Court in which Price, Keasler, Hervey,
Cochran and Alcalá, JJ. joined. Meyers, J., filed a dissenting opinion. Womack and
Johnson, JJ., concurred.


 This is an application for a writ of habeas corpus forwarded to this Court pursuant to Article
11.071 of the Texas Code of Criminal Procedure. Allegation twenty-one of the application
complains, in part, about the admission of testimony from Dr. Richard Coons concerning whether
applicant would pose a future danger to society. While the application was pending, we issued our
opinion in Coble v. State, (1) where we found that Dr. Coons's testimony was inadmissible under Texas
Rule of Evidence 702. (2) We filed and set this application to further consider applicant's twenty-first
allegation and sought briefing from the parties. 

 Applicant claims that Dr. Coons's testimony was inadmissible under Texas Rule of Evidence
702 under our holding in Coble, and he contends that this testimony violated the heightened
reliability requirement of the Eighth Amendment. He argues that this case differs from Coble with
respect to the harm analysis (3) because Dr. Coons expressed more certainty in his testimony in the
instant case and because the defense did not present any effective rebuttal. 

Analysis


 Habeas corpus is available only for jurisdictional defects and violations of constitutional or
fundamental rights; a claim alleging the violation of a rule of evidence is not cognizable on habeas
corpus. (4) Coble was a direct appeal case, and its holding was based upon a rule of evidence. 
Consequently, the holding in Coble does not give rise to a claim that is cognizable on habeas corpus.

 As for applicant's contention that the admission of Dr. Coons's testimony violated the
heightened reliability requirement of the Eighth Amendment, we rejected that same contention in
Coble, where we said that the United States Supreme Court had rejected such a claim in Barefoot
v. Estelle, (5) and that "we are required to follow binding precedent from that court on federal
constitutional issues." (6) Applicant's allegation with respect Dr. Coons's testimony does not raise a
cognizable claim on habeas corpus. (7) Concluding, after review, that none of applicant's other claims
have merit, we deny relief.

Delivered: November 7, 2012

Publish
1. 330 S.W.3d 253 (Tex. Crim. App. 2010).
2. See id. at 270-80.
3. In Coble, we found the error in admitting Dr. Coons's testimony to be harmless under the
standard for non-constitutional errors. Id. at 280-87.
4. See Ex parte Douthit, 232 S.W.3d 69 (Tex. Crim. App. 2007). 
5. 463 U.S. 880 (1983).
6. Coble, 330 S.W.3d at 270. We note that even if we accepted applicant's contention that
Dr. Coons's testimony likely had a greater effect in applicant's trial than in Coble--a question we
do not decide--the importance of that testimony at trial, while relevant to a harm analysis, is not
relevant to whether the testimony was reliable.
7. The dissent contends that we can address applicant's current claim because we made a
mistake on direct appeal in addressing only Dr. Coons's qualifications and in failing to address the
separate issue of the scientific reliability of the testimony. Dissent at 1-4. The dissent claims that
applicant preserved the separate issue of reliability at trial and raised it in his brief, albeit
"inartfully," on direct appeal. See dissent at 2, 3. 

 The dissent is mistaken; the separate issue of reliability was not preserved at trial. The record
citations provided in applicant's direct-appeal brief referred to a written motion for a Daubert
hearing, see Daubert v. Merrell Dow Pharm., 509 U.S. 579 (1993), and to eleven pages in the court
reporter's record at which the Daubert hearing was held. Although it recited standards for
determining reliability under Daubert, applicant's motion did not allege that Dr. Coons's testimony
was unreliable, much less explain in what respect that testimony was unreliable. The referenced
pages in the court reporter's record show that Dr. Coons was questioned by both parties in a Daubert
hearing, but those pages contain no specific objection to Dr. Coons's testimony from defense
counsel. After Dr. Coons's Daubert-hearing testimony was concluded, defense counsel stated, "I'm
finished with the witness, Your Honor. I'm ready to make my argument." The trial judge then
responded, "All right. I'm determining that he is qualified to testify so the Daubert objection is
overruled." Defense counsel did not then urge the trial court to rule upon a separate claim that Dr.
Coons's testimony failed to satisfy one or more of Daubert's reliability requirements. See Davis v.
State, 313 S.W.3d 317, 352-53 (Tex. Crim. App. 2010) ("Appellant did not, during this hearing,
lodge an objection to the testimony of these witnesses. Defense counsel did not suggest to the trial
court that the witnesses were unqualified or the methodologies unreliable, nor did he present any
evidence to that effect. Appellant has failed to show us that he has preserved error.").

 The point of error in applicant's direct-appeal brief that addressed Dr. Coons's testimony
stated: "The trial court erred in admitting the testimony of Royce Smithey and Dr. Richard Coons
with regards to the future dangerousness of the Defendant." In the portion of the argument relating
to Dr. Coons, after claiming that he had objected to and obtained an adverse ruling regarding Dr.
Coons's testimony, applicant's brief stated: "Cutting straight to the chase, during the Daubert
hearing, the State failed to show that Dr. Coons was qualified to give an opinion as to the future
dangerousness of the Defendant." Several lines down from that statement, applicant discussed
standards for reliability and argued that Dr. Coons's testimony did not meet those standards. It is
understandable that this Court addressed only the issue of Dr. Coons's qualifications as that was the
only claim that was preserved at trial. We note that the opinion was unanimous, so none of the
judges on this Court, including the author of the dissent, perceived that applicant's brief raised a
separate reliability claim. 

 Regardless, if applicant had believed that we failed to address an issue that he raised in his
brief, he could have filed a motion for rehearing to point that out. He did not do so. He therefore
had an opportunity to press this claim at a time when it was cognizable. But it appears that he
believed, as we did, that we had addressed the only claim that was actually before us.