

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. AP-76,533

---

### Ex parte KER'SEAN OLAJUWA RAMEY, Applicant

---

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### FROM JACKSON COUNTY

---

**KELLER, P.J., delivered the opinion of the Court in which PRICE, KEASLER, HERVEY, COCHRAN and ALCALÁ, JJ. joined. MEYERS, J., filed a dissenting opinion. WOMACK and JOHNSON, JJ., concurred.**

This is an application for a writ of habeas corpus forwarded to this Court pursuant to Article 11.071 of the Texas Code of Criminal Procedure. Allegation twenty-one of the application complains, in part, about the admission of testimony from Dr. Richard Coons concerning whether applicant would pose a future danger to society. While the application was pending, we issued our opinion in *Coble v. State*,[1] where we found that Dr. Coons's testimony was inadmissible under Texas Rule of Evidence 702.[2] We filed and set this application to further consider applicant's twenty-first

---

[1] 330 S.W.3d 253 (Tex. Crim. App. 2010).

[2] *See id.* at 270-80.

allegation and sought briefing from the parties.

Applicant claims that Dr. Coons's testimony was inadmissible under Texas Rule of Evidence 702 under our holding in *Coble*, and he contends that this testimony violated the heightened reliability requirement of the Eighth Amendment. He argues that this case differs from *Coble* with respect to the harm analysis[3] because Dr. Coons expressed more certainty in his testimony in the instant case and because the defense did not present any effective rebuttal.

**Analysis**

Habeas corpus is available only for jurisdictional defects and violations of constitutional or fundamental rights; a claim alleging the violation of a rule of evidence is not cognizable on habeas corpus.[4] *Coble* was a direct appeal case, and its holding was based upon a rule of evidence. Consequently, the holding in *Coble* does not give rise to a claim that is cognizable on habeas corpus.

As for applicant's contention that the admission of Dr. Coons's testimony violated the heightened reliability requirement of the Eighth Amendment, we rejected that same contention in *Coble*, where we said that the United States Supreme Court had rejected such a claim in *Barefoot v. Estelle*,[5] and that "we are required to follow binding precedent from that court on federal constitutional issues."[6] Applicant's allegation with respect Dr. Coons's testimony does not raise a

---

[3] In *Coble*, we found the error in admitting Dr. Coons's testimony to be harmless under the standard for non-constitutional errors. *Id.* at 280-87.

[4] *See Ex parte Douthit*, 232 S.W.3d 69 (Tex. Crim. App. 2007).

[5] 463 U.S. 880 (1983).

[6] *Coble*, 330 S.W.3d at 270. We note that even if we accepted applicant's contention that Dr. Coons's testimony likely had a greater effect in applicant's trial than in *Coble*—a question we do not decide—the importance of that testimony at trial, while relevant to a harm analysis, is not

(continued...)

cognizable claim on habeas corpus.[7] Concluding, after review, that none of applicant's other claims

_____

(...continued)
relevant to whether the testimony was reliable.

[7] The dissent contends that we can address applicant's current claim because we made a mistake on direct appeal in addressing only Dr. Coons's qualifications and in failing to address the separate issue of the scientific reliability of the testimony. Dissent at 1-4. The dissent claims that applicant preserved the separate issue of reliability at trial and raised it in his brief, albeit "inartfully," on direct appeal. *See* dissent at 2, 3.

The dissent is mistaken; the separate issue of reliability was not preserved at trial. The record citations provided in applicant's direct-appeal brief referred to a written motion for a *Daubert* hearing, *see Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993), and to eleven pages in the court reporter's record at which the *Daubert* hearing was held. Although it recited standards for determining reliability under *Daubert*, applicant's motion did not allege that Dr. Coons's testimony was unreliable, much less explain in what respect that testimony was unreliable. The referenced pages in the court reporter's record show that Dr. Coons was questioned by both parties in a *Daubert* hearing, but those pages contain no specific objection to Dr. Coons's testimony from defense counsel. After Dr. Coons's *Daubert*-hearing testimony was concluded, defense counsel stated, "I'm finished with the witness, Your Honor. I'm ready to make my argument." The trial judge then responded, "All right. I'm determining that he is qualified to testify so the Daubert objection is overruled." Defense counsel did not then urge the trial court to rule upon a separate claim that Dr. Coons's testimony failed to satisfy one or more of *Daubert*'s reliability requirements. *See Davis v. State*, 313 S.W.3d 317, 352-53 (Tex. Crim. App. 2010) ("Appellant did not, during this hearing, lodge an objection to the testimony of these witnesses. Defense counsel did not suggest to the trial court that the witnesses were unqualified or the methodologies unreliable, nor did he present any evidence to that effect. Appellant has failed to show us that he has preserved error.").

The point of error in applicant's direct-appeal brief that addressed Dr. Coons's testimony stated: "The trial court erred in admitting the testimony of Royce Smithey and Dr. Richard Coons with regards to the future dangerousness of the Defendant." In the portion of the argument relating to Dr. Coons, after claiming that he had objected to and obtained an adverse ruling regarding Dr. Coons's testimony, applicant's brief stated: "Cutting straight to the chase, during the *Daubert* hearing, the State failed to show that Dr. Coons was qualified to give an opinion as to the future dangerousness of the Defendant." Several lines down from that statement, applicant discussed standards for reliability and argued that Dr. Coons's testimony did not meet those standards. It is understandable that this Court addressed only the issue of Dr. Coons's qualifications as that was the only claim that was preserved at trial. We note that the opinion was unanimous, so none of the judges on this Court, including the author of the dissent, perceived that applicant's brief raised a separate reliability claim.

Regardless, if applicant had believed that we failed to address an issue that he raised in his brief, he could have filed a motion for rehearing to point that out. He did not do so. He therefore had an opportunity to press this claim at a time when it was cognizable. But it appears that he

(continued...)

have merit, we deny relief.

Delivered: November 7, 2012
Publish

---

(...continued)
believed, as we did, that we had addressed the only claim that was actually before us.