

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| IN RE: SHANNON MARK DOUTHIT, | § | No. 08-15-00042-CR |
|  | § | ORIGINAL PROCEEDING |
| Relator. | § | ON PETITION FOR WRIT OF |
|  | § | MANDAMUS |

**<u>MEMORANDUM OPINION</u>**

Relator, Shannon Mark Douthit, a Texas inmate, has filed a petition for writ of mandamus against the Honorable Roy Ferguson, Judge of the 394th District Court of Presidio County, Texas, alleging that the court has not ruled on Relator's pending motion for *nunc pro tunc* judgment filed in cause number 2076. We deny mandamus relief.

To obtain mandamus relief, Douthit must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial District Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007). To be entitled to a writ of mandamus compelling a trial court to consider and rule on a properly filed motion, Douthit must establish that the trial court: (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *In re Molina*, 94 S.W.3d 885, 886 (Tex.App.--San Antonio 2003, orig. proceeding); *see In re Layton*,

257 S.W.3d 794, 795 (Tex.App.--Amarillo 2008, orig. proceeding).

In 1987, Douthit waived his right to a jury trial, pled guilty to capital murder in cause number 2076, and was sentenced to life imprisonment. *See Ex parte Douthit*, 232 S.W.3d 69, 70 (Tex.Crim.App. 2007)(stating the underlying facts). In 2007, the Court of Criminal Appeals denied habeas corpus relief, concluding that Douthit's claim that he could not waive the right to a jury trial by pleading guilty to capital murder was not cognizable in a post-conviction writ of habeas corpus because Douthit did not claim that he did not intend to waive his right to a jury trial. *Id.* at 74-75. Douthit raises a similar claim in his mandamus petition but asserts that he "was manipulated into signing waivers prior to trial so the DA could impose a Capital Murder charge in disregard of the laws prohibiting defendants from pleading guilty to Capital murder by waiving trial by jury in a capital murder case to placate the victims' family." He argues that Respondent should grant his motion for judgment *nunc pro tunc* and change the judgment to reflect a conviction of murder because the law in effect in 1987 did not permit him to waive his right to trial by jury in a capital murder case.

A trial court does not have authority to correct a judicial error by means of a judgment *nunc pro tunc* after it loses its plenary power. *See State v. Bates*, 889 S.W.2d 306, 309 (Tex.Crim.App. 1994). A trial court has authority to correct the judgment to reflect what actually happened at trial, "but correction can be only as to what was done and not as to what should have been done." *Ex parte Dopps*, 723 S.W.2d 669, 671 (Tex.Crim.App. 1986). Because Douthit is effectively asking the trial court to correct the judgment as to what should have been done, the trial court does not have jurisdiction to grant the relief requested by Douthit by means of a motion for judgment *nunc pro tunc*. Accordingly, we conclude that Respondent did not have a legal duty to rule on the motion. The petition for writ of mandamus is denied.

STEVEN L. HUGHES, Justice

February 11, 2015

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)