

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| IN RE: SHANNON MARK DOUTHIT, | § | No. 08-18-00150-CR |
| | § | AN ORIGINAL PROCEEDING |
| Relator. | § | IN MANDAMUS |
| | § | |
| | § | |

## <u>MEMORANDUM OPINION</u>

Relator, Shannon Mark Douthit, has filed a mandamus petition against the Honorable Roy Ferguson, Judge of the 394th District Court of Presidio County, Texas, asking that we order Respondent to rule on a petition seeking a writ of habeas corpus pursuant to Articles 11.01 and 11.05 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM.PROC.ANN. arts. 11.01, 11.05 (West 2015). The petition for writ of mandamus is dismissed.

In 1987, Relator waived his right to a jury trial, pled guilty to capital murder in cause number 2076, and was sentenced to life imprisonment. *See Ex parte Douthit*, 232 S.W.3d 69, 70 (Tex.Crim.App. 2007)(stating the underlying facts). In this original proceeding, Relator asks that we order Respondent to rule on a habeas petition filed on May 3, 2018.

Additionally, he requests that we order Respondent to take judicial notice of certain adjudicative facts pursuant to TEX.R.EVID. 201 and to rule on Relator's request for disclosure of the 1986 grand jury proceedings pursuant to Article 20.02 of the Texas Code of Criminal Procedure. *See*

TEX.CODE CRIM.PROC.ANN. art. 20.02 (West 2015).

The Court of Criminal Appeals has exclusive jurisdiction to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction. *Padieu v. Court of Appeals of Texas, Fifth District*, 392 S.W.3d 115, 117 (Tex.Crim.App. 2013). Relator states in his petition that his habeas petition must not be construed as an Article 11.07 writ application presumably because he invokes provisions other than Article 11.07. In determining whether we have jurisdiction of this original proceeding, we must examine the substance of the relief sought rather than its nomenclature or form. *See Ex parte Gray*, 649 S.W.2d 640, 642 (Tex.Crim.App. 1983). Relator has not provided this Court with a copy of his habeas petition, but the arguments made in the mandamus petition demonstrates that Relator is challenging his capital murder conviction. Because this is a final felony conviction, the Court of Criminal Appeals has exclusive jurisdiction to address any action or inaction by Respondent on the habeas petition. *In re Briscoe*, 230 S.W.3d 196, 196-97 (Tex.App.--Houston [14th Dist.] 2006, orig. proceeding). We therefore lack jurisdiction to address Relator's complaints about Respondent's alleged failure to rule on the habeas petition and the arguments raised therein. The petition for writ of mandamus is dismissed for lack of jurisdiction.

September 26, 2018

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)

- 2 -