In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

————————————

NO. 09-23-00129-CR
————————————

**MATTHEW LOUIS BROWN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. F22-39992**

**MEMORANDUM OPINION**

A trial court convicted appellant Matthew Louis Brown of aggravated assault and assessed punishment at ten years of confinement. *See* Tex. Penal Code Ann. § 22.02. In his sole issue, Brown complains he was denied a jury trial. We affirm the trial court's judgment.

# PERTINENT BACKGROUND

During the pretrial conference, the trial court noted that the parties would "be selecting a jury this evening[,]" and that "[i]t looks like there is a defendant's election for the jury to assess punishment." The trial court explained to Brown that "if you go to trial and [are] found guilty by a jury, it is up to you to decide whether or not you want me, as the Judge, to sentence you or if you want the jury that convicted you to sentence you." After allowing Brown to discuss his election as to punishment with his counsel, Brown indicated he wanted to waive his right to have the jury determine his punishment and to have the trial court assess his punishment.

The trial court had Brown's attorney make a notation on Defendant's Election as to Punishment that he wanted the judge to decide his punishment, and Brown and his attorney signed the corrected Election, which is included in the clerk's record.

The trial court also asked Brown, "[D]o you want to go to trial and let a jury decide if you're guilty or not?" Brown responded, "Yes, ma'am, I do." However, after a discussion off the record, the following exchange occurred:

> THE COURT: So we're back on the record. And Mr. Brown, it's my understanding that you have discussed with your lawyer and I think the State's attorney discussed with him the fact that you can waive your right to a jury trial and actually have the guilt[]/innocence phase in front of me, as well as the punishment if I find you guilty.
>
> THE DEFENDANT: Sure.

THE COURT: Now, you're leaving it up to just one person instead of jury of twelve.

THE DEFENDANT: I understand.

THE COURT: You have every right. The jury is outside waiting to have them. I want to make sure you understand all of that, and then you tell me what you want to do. Do you want to come to me, or do you want to have a jury trial?

THE DEFENDANT: I'll - - we'll just let you decide.

THE COURT: Okay. I would like to get that in writing. So if you guys - - you can even - - I don't think there is anything. But if you can just get kind of a blank sheet of paper and sign off on that.

[MS. ZELEZNIAK]: There is that waiver from this morning - -

THE COURT: It's on the tablet, actually. Yes. Somebody for the first time did it this morning.

[PROSECUTOR]: Because I have to sign this for this.

THE COURT: Yes. And I think it had a place for all three signatures.

The record does not contain a written waiver of defendant's right to trial by jury.

The case proceeded to a bench trial. We note that neither at the beginning of the bench trial nor at any time during the bench trial did Brown or his counsel object to the case being tried without a jury. The trial court found Brown guilty of aggravated assault, a second-degree felony. *See id.* § 22.02(a),(b). The State filed a Notice of Intent to Enhance Defendant's Punishment under section 12.42 of the Texas Penal Code, alleging that Brown committed the prior felony offense of

3

possession of a controlled substance. *See id.* § 12.42. Brown pleaded "true" to the prior felony offense, enhancing his punishment range to a first-degree felony. *See id.* § 12.42(b).

The trial court conducted a punishment hearing, assessed Brown's punishment at ten years of confinement, and made an affirmative finding of a deadly weapon. The trial court's judgment indicates a judgment of conviction by the court and a waiver of jury trial.

## ANALYSIS

In his sole issue, Brown argues he was denied his constitutional and statutory right to a trial by jury. *See* U.S. CONST. amend. VI, XIV; Tex. Const. art I, § 15; Tex. Code Crim. Proc. Ann. arts. 1.05, 1.12, 1.13. Brown contends that because the record does not contain an adequate oral or written waiver of jury trial, the trial court erred by proceeding to a bench trial. Brown argues the error is structural error and does not require a harm analysis. Brown further argues that his response to the trial court during the pretrial hearing that "we'll just let you decide[]" was ambiguous and not a clear waiver of his right to a jury. The State agrees there is no written waiver, but it maintains Brown orally waived his right to a jury trial and argues the judgment recites that the Defendant waived his right of trial by jury.

4

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury[.]" U.S. CONST. amend. VI; *see Duncan v. Louisiana*, 391 U.S. 145, 149 (1968). The right to a jury trial at the guilt stage is a statutory and constitutional right. *See* U.S. CONST. amend. VI; Tex. Const. art I, § 15; Tex. Code Crim. Proc. Ann. art. 1.12; *see also Hobbs v. State*, 298 S.W.3d 193, 197 (Tex. Crim. App. 2009). A defendant has a limited right to waive his constitutional right to a jury trial in favor of a bench trial. *Adams v. U.S.*, 317 U.S. 269, 275 (1942); *see Hobbs*, 298 S.W.3d at 197; *see also* Tex. Code Crim. Proc. Ann. art. 1.13(a). The waiver of a constitutional right requires "'an intentional relinquishment or abandonment of a known right or privilege.'" *Davison v. State*, 405 S.W.3d 682, 686 (Tex. Crim. App. 2013) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). The State must establish on the record an express, knowing, and intelligent waiver. *Hobbs*, 298 S.W.3d at 197.

"Whether 'there is an intelligent, competent, self-protecting waiver of jury trial by the accused must depend on the unique circumstances of each case.'" *Rios v. State*, 665 S.W.3d 467, 479 (Tex. Crim. App. 2022) (quoting *Adams*, 317 U.S. at 278). "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. U.S.*, 397 U.S. 742, 748 (1970)

5

(citations omitted). Courts consider several factors in determining whether a jury trial waiver was knowing and intelligent, including: whether defendant knew about his right to a jury; whether the defendant executed a written jury waiver, whether the trial court admonished the defendant about his right to a jury trial; the defendant's education and background; defendant's level of involvement in his defense and ability to understand the discussion regarding his waiver of a jury; the defendant's words and actions; the defendant's discussions with trial counsel about the right to a jury; the defendant's language; the lack of an objection before or after a bench trial; and whether there is a docket entry indicating the defendant expressly waived his right to a jury trial on the record and that the waiver was voluntary, knowing, and intelligent. *Rios*, 665 S.W.3d at 479–82 (citations omitted). The violation of a defendant's constitutional right to jury trial is structural error that is not subject to a harm analysis. *Id.* at 486.

"Neither the federal nor the state constitution requires that trial by jury be waived in writing." *Munguia v. State*, 636 S.W.3d 750, 757 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd) (citing *Johnson v. State*, 72 S.W.3d 346, 348 (Tex. Crim. App. 2002); *Ex parte Sadberry*, 864 S.W.2d 541, 543 (Tex. Crim. App. 1993)). The Code of Criminal Procedure sets out the required formalities to waive a jury in Texas. *See* Tex. Code Crim. Proc. Ann. art. 1.13(a). Article 1.13(a) states that

6

a defendant has the right to waive a trial by jury but "the waiver must be made in person by the defendant in writing in open court with the consent and approval by the court, and the attorney representing the state." *Id.* The failure to observe article 1.13's requirements is statutory error subject to a harm analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure, which requires us to disregard error that does not affect a defendant's substantial rights. *Johnson*, 72 S.W.3d at 347–48 (citing Tex. R. App. P. 44.2(b)); *Munguia*, 636 S.W.3d at 757; *Clark v. State*, 592 S.W.3d 919, 931 (Tex. App.—Texarkana 2019, pet. ref'd). To determine whether Brown was "harmed by the failure to execute a written waiver, we . . . ascertain whether he understood his right to trial by jury before his bench trial began." *See Johnson*, 72 S.W.3d at 348–49.

While the record shows that the trial court wanted to get Brown's waiver of a jury trial in writing, it does not contain a written waiver of his right to a jury trial. However, the record is not silent regarding the issue. *See Munguia*, 636 S.W.3d at 757. Before Brown's bench trial, Brown indicated he understood the charges against him, and Brown, his counsel, and the State indicated that they had discussed Brown's decision to waive a jury trial. When the trial court discussed Brown's right to a jury trial and asked Brown if he wanted to waive his right to a jury trial, he stated that

"we'll just let you decide." Neither Brown nor his counsel objected to the case being tried without a jury, and Brown did not indicate he wished to change his decision.

The record shows that Brown has a criminal history that includes six prior felonies, had his probation revoked twice, had been to prison, and was currently on parole. There is no indication he did not understand the courtroom discussion about waiving a jury trial. Brown testified at trial that he has an engineering degree from Texas A&M. Brown also testified that he was asking the court to make an affirmative finding of self-defense and find him not guilty. Considering the circumstances of this case and applying the factors to determine whether the State established on the record that Brown made a voluntary, knowing, and intelligent waiver, we hold there was no violation of his constitutional right to a jury trial. *See Rios*, 665 S.W.3d at 479–82; *Hobbs*, 298 S.W.3d at 197; *Vickers v. State*, No. 12-23-00008-CR, 2023 WL 4307667, at *3 (Tex. App.—Tyler June 30, 2023, no pet.) (mem. op., not designated for pub.).

That said, the record shows the trial court erred by failing to observe article 1.13's mandatory requirement that a defendant's jury trial waiver be made in writing, and we must determine whether this statutory error harmed Brown by affecting his substantial rights. *See Johnson*, 72 S.W.3d at 347–48; *Munguia*, 636 S.W.3d at 757; *Vickers*, 2023 WL 4307667, at *3; *see also* Tex. R. App. P. 44.2(b). To decide this

question, we review the record to determine whether he understood that he had a right to have his case tried by a jury before his bench trial began. *See Johnson*, 72 S.W.3d at 348–49; *Clark*, 592 S.W.3d at 931–32.

The reporter's record from the pretrial conference shows that Brown knew he had a right to have a jury hear his case before he orally waived that right. The trial judge explained that Brown had the option of trial by judge or jury, and the record shows that Brown initially chose a trial by jury, changed his mind, and decided to waive his right to a trial by jury and have his case decided by the judge. Moreover, when the trial court's judgment states the defendant waived his right to a to a trial by jury, the finding of waiver in the judgment is "binding in the absence of direct proof of [its] falsity." *See Johnson*, 72 S.W.3d at 349; *Clark*, 592 S.W.3d at 932. The clerk's record also includes a Trial Worksheet dated the same day as the pretrial conference which indicates a "Bench Trial."

> When there is no allegation or suggestion from the record that the defendant did not know about his right to a jury trial, the judgment's recital is binding and leads to the conclusion that a defendant's substantial rights were not affected by the lack of a written jury trial waiver.

*Johnson*, 72 S.W.3d at 349. We conclude that Brown understood his right to a trial by jury before waiving his right. *See id.*; *Clark*, 592 S.W.3d at 932; *Vickers*, 2023

9

WL 4307667, at *4. Thus, we hold that Brown was not harmed because he did not waive his right to a jury in writing. We overrule Brown's sole issue.

However, we note that there is a clerical error in the judgment because the judgment recites "N/A" under "Findings on Deadly Weapon[.]" An appellate court has the authority to reform a judgment to include a finding to make the record speak the truth when we have the necessary information to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd), *modified on other grounds, Lockett v. State*, 874 S.W.2d 810, 818 (Tex. App.—Dallas 1994, pet. ref'd); *see also Guthrie-Nail v. State*, 506 S.W.3d 1, 6–7 (Tex. Crim. App. 2015). When there is a conflict between the oral pronouncement of a sentence and the written judgment, the oral pronouncement controls. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). When the oral pronouncement and the written judgment conflict, the remedy is to reform the judgment. *See Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003).

The indictment includes the allegation that Brown used or exhibited a deadly weapon, a knife, during the commission of the offense, and there was testimony at trial regarding Brown's use of a knife. During sentencing, the trial court made an affirmative finding of a deadly weapon. When a trial court makes an affirmative

10

finding regarding the use or exhibition of a deadly weapon, "the trial court shall enter the finding in the judgment of the court." Tex. Code Crim. Proc. Ann. art. 42A.054(b)(2)(c). Because the trial court made an express affirmative deadly weapon finding when it pronounced sentence, we hold the trial court's inclusion of "N/A" under the "Findings on Deadly Weapon[]" is a clerical error. Accordingly, we reform the trial court's judgment by deleting "N/A" under the "Findings on Deadly Weapon[]" and including the following affirmative finding on the use of a deadly weapon" "YES, A KNIFE." *See Davidson v. State*, No. 05-20-00181-CR, 2021 WL 1438305, at *2 (Tex. App.—Dallas Apr. 16, 2021, no pet.) (mem. op., not designated for pub.).

AFFIRMED AS REFORMED.

W. SCOTT GOLEMON
Chief Justice

Submitted on November 13, 2023
Opinion Delivered December 20, 2023
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.

11